GEORGE NOWELL *vs.* BOSTON ACADEMY OF NOTRE DAME.

Suffolk.    Nov. 19, 1880. — Jan. 10, 1881.    LORD & SOULE, JJ., absent.

A deed of land contained restrictions that no building erected on it should be less than a certain height, or have exterior walls of any other than specified materials, or be used for certain purposes; and that no building should be erected within ten feet of the street. *Held*, that the erection of a brick wall six feet in height with a coping one foot in height, to be used as a fence or wall, on the line of the street, was not a violation of the last-named restriction.

A question as to which no allegation is made in a bill in equity, and which is not raised at the hearing, is not open on a report of the case.

BILL IN EQUITY to restrain the defendant corporation from erecting a wall upon its land, alleged to be a violation of the restrictions in the deed under which the defendant holds the land. Hearing before *Colt*, J., who ordered the bill dismissed with costs; and, at the plaintiff's request, reported the case for the consideration of the full court, such judgment to be entered as law and equity might require. The facts appear in the opinion.

*C. T. Russell & O. B. Mowry*, for the plaintiff, cited *Attorney General* v. *Gardiner*, 117 Mass. 492.

*J. A. Maxwell*, for the defendant.

MORTON, J. The defendant's land is part of a larger lot formerly owned by the plaintiff and by Charles Nowell, and conveyed to them by the Boston Water Power Company by deed dated October 16, 1860. The Nowells afterwards conveyed

the land to Zoe Vanderheynst, Isabella Cramsey and Anna Kessells, the defendant's grantors, in three parcels, by three deeds, dated March 28, 1863, June 27, 1863, and September 4, 1865. Each of these deeds contains the provision that the land is to be held subject to the restrictions set forth in the deed of the Boston Water Power Company. In the deed of the Water Power Company, the premises are conveyed "subject to the restrictions that no building erected on the said land, fronting on said A Street or on Clarendon or Berkeley Street, shall be less than two stories in height, exclusive of the basement and attic, or have exterior walls of any other material than brick, stone or iron, or be used for a stable or for any other mechanical or manufacturing purposes; and that no building shall be erected on the said land within ten feet of said A Street."

The defendant proposes to build upon the line of A Street, now called St. James Avenue, a brick wall six feet in height, with a coping on said wall not exceeding one foot in height, to be used as a fence or wall. The only question presented by the report is whether the erection of such a wall would be a violation of the above restriction. The plaintiff contends that it would violate the last clause of the restriction, which provides that "no building shall be erected on the said land within ten feet of said A Street." There is no reason to suppose that the word "building" in this clause is used in any other sense than that in which it is used in other parts of the deed, where it is spoken of as being two stories in height, as having a basement and attic, and as having exterior walls. Throughout the deed, the word is manifestly used in its ordinary sense, to denote a structure or edifice enclosing a space within its walls and usually covered with a roof, such as a house, a church, a shop, a barn or a shed. The wall which the defendant proposes to erect cannot in any just sense be called a building within the meaning of the restriction.

The plaintiff has argued in this court that the proposed wall would be a violation of the restriction or agreement contained in the deeds from the said Nowells to the defendant's grantors, to this effect, that the grantees shall make no change in the fence on the line of St. James Avenue within five years, and "shall not build on the granted premises any other fence of any other

pattern within ten feet of it." This question is not raised by the report, and is not within the scope of the plaintiff's bill, which contains no allegation as to this alleged restriction. We cannot, therefore, properly consider it. *Decree affirmed.*