FANNY B. CLARK *vs.* GEORGE LEE.

Norfolk. December 8, 1903. — February 27, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Equity Pleading and Practice. Equitable Restrictions. Words,* "Building", "Projection."

In a bill in equity to enforce an equitable restriction, a copy of the deed containing the restriction should be annexed to the bill.

A brick wall, extending from a house, built on part of a retaining wall as a screen, is not a building or "any part of or projection" from the house within the meaning of an equitable restriction using those terms.

BILL IN EQUITY, filed April 28, and amended June 15, 1903, to enforce an equitable restriction imposed by a certain deed on the defendant's house lot on Walnut Street in Brookline.

The case came on to be heard before *Morton,* J., and, at the request of the parties, was reserved upon the bill, answer, facts

admitted, photographs and plans for determination by the full court, such disposition to be made of it as to the full court should seem meet.

The plaintiff and the defendant were the owners of adjoining lots on Walnut Street in Brookline, both originally owned by the defendant. The substance of the restriction is stated in the opinion. The alleged violation of the restriction was the erection by the defendant of a brick wall, one end of which extended to the boundary between the lots of the plaintiff and the defendant. The facts admitted were as follows:

" The plaintiff's and the defendant's lots before they were built upon sloped gradually from the street toward the rear portion of the lots, being about four feet lower in the rear than at Walnut Street. The plaintiff's house was built to within twenty feet of Walnut Street, and from the southerly line of the plaintiff's house a retaining wall extended at right angles to the dividing line between the plaintiff's and defendant's lots of a height sufficient to make the space between this retaining wall and Walnut Street, when filled in, level with the street. This retaining wall is fifty-seven feet from Walnut Street. The plaintiff's house, retaining wall and filling, were all in place at the time the property was conveyed by the defendant to the plaintiff's grantor, and the defendant's premises had not been in any way improved or changed.

" The neighborhood is one of good dwelling houses costing from $10,000 upwards. The retaining wall running between the defendant's house and the plaintiff's lot, and along the southerly line of the plaintiff's lot, was put there to keep the grade up so as to give a proper entrance to the front door of the defendant's house, and the grade of that part of the defendant's lot, between the retaining wall and the street, as filled, is the same as the grade of that part of the plaintiff's lot between the plaintiff's retaining wall and the street, as filled. The brick wall superimposed upon a part of the defendant's retaining wall was erected to screen off the back of the defendant's premises from the view of people entering the place, and the piers and screens superimposed upon the other part of the retaining wall were erected to screen off the back of the plaintiff's premises from the view of people entering the defendant's place, and as

a matter of ornament, to form a little court or enclosure about the entrance to the defendant's house. In the plans made by the defendant's architect, the retaining wall, brick wall and piers, appeared substantially as erected, and in planning the house and grounds it was intended by the defendant to bring the land in front of the wall up to the level of Walnut Street, and to construct the retaining wall and superimpose thereon the brick walls and brick piers."

*R. F. Sturgis*, for the plaintiff.

*W. H. White*, for the defendant.

LATHROP, J. In the defendant's deed to the plaintiff's grantor, it was provided that, on the defendant's remaining land, lying southerly of the land conveyed, no dwelling or other house or building or any part thereof or projection therefrom should be built thereon within sixty-five feet of the easterly line of Walnut Street, or within fifteen feet of the southerly line of the premises conveyed; and that not more than one house and no house except a single detached dwelling house should be erected thereon. We regret that we have not been furnished with a copy of the deed, which should have been annexed to the bill, so that the exact language could be given; but we have stated the substance of the language used, as we gather it from the bill and answer.

It is admitted that the defendant has built his house in conformity with the language of the deed ; and the only complaint is that he has erected certain walls on his land, which it is said are in conflict with his covenant not to build, or are contrary to the restriction imposed by him on his remaining land.

We are of opinion that the covenant or restriction applies only to the house to be built upon the land, and not to a wall, even if the wall extends from the house into the restricted space. Such a wall as was here built extending from the house cannot be deemed to be "any part of, or projection" from, the house. These words evidently refer to bay windows or porches, or things of that nature.

That a wall cannot be held to come within the term "building" is in our opinion conclusively settled by the cases in this Commonwealth. Thus in *Truesdell* v. *Gay*, 13 Gray, 311, it was said by Mr. Justice Bigelow: "The word 'building' cannot

be held to include every species of erection on land, such as fences, gates or other like structures. Taken in its broadest sense, it can mean only an erection intended for use and occupation as a habitation or for some purpose of trade, manufacture, ornament or use, constituting a fabric or edifice, such as a house, a store, a church, a shed." See also *Nowell* v. *Boston Academy of Notre Dame*, 130 Mass. 209, which seems to us conclusive of this case.

*Bill dismissed.*