## Crofton, Appellant, *v.* St. Clement's Church.

*Deed—Building restriction—Erection of dwelling house.*

A restriction in a deed forbidding the erection of a dwelling house on a portion of a lot, is not favored by the law, being an interference with the owner's free and full use of his property, and all doubts must be resolved against it in favor of the unrestricted use of the property. Nothing will be regarded as a violation of it that is not in plain disregard of its express words. There are no implied rights arising from it which courts will recognize and covenants like it are not to be extended by implication.

On a bill in equity by the owner of an adjoining lot, against a church corporation, to enforce a building restriction, it appeared that the restriction in the defendant's deed was as follows: "Under and subject, nevertheless, to the condition and restriction that no building, or part of a building, shall ever be built or erected on the rear end of the said above described and hereby granted lot of ground that shall be used or occupied as a dwelling house, and that no building, or part of a building, except steps, cellar doors, posts and railings, shall be built within the space of ten feet back from the line of the north side of the said thirty-four feet wide street." The rear end of the lot was the north side of the thirty-four feet wide street. Adjoining the lot to the east the church had a parish building. To provide for the needs of the parish the church began the erection of an addition to the parish building, but no portion of the extension was within "the space of ten feet back from the line of the north side of the said thirty-four feet wide street." The addition contained living rooms, kitchens, bedrooms and studies for the clergy of the parish, and will be used as their residence. *Held*, (1) that the addition was not on the rear end of the lot; (2) that the addition to the parish building was not a dwelling house within the language of the restriction; (3) that a decree dismissing plaintiff's bill should be sustained.

Argued Jan. 4, 1904. Appeal, No. 126, Jan. T., 1903, by plaintiff, from decree of C. P. No. 3, Phila. Co., Dec. T., 1901, No. 4542, dismissing bill in equity in case of Alice Crofton v. Rector, Church Wardens and Vestrymen of St. Clement's Church. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ. Affirmed.

Bill in equity for an injunction. Before McMICHAEL, J.
The facts are stated in the opinion of the Supreme Court.
The following diagram shows the locus in controversy.

The court entered a decree dismissing the bill.

*Error assigned* was the decree of the court.

*Frank R. Shattuck,* for appellant.—It is a recognized prin-

ciple of law that every owner of land has the right so to deal with it as to restrain its use by his grantees within such limits as to prevent its appropriation to purposes which would impair the value or diminish the pleasure or the enjoyment of that portion which he retains : Fallon on Pennsylvania Law of Conveyancing, secs. 161, 162; Thompson's App., 101 Pa. 225 ; Fritz v. Menges, 179 Pa. 122 ; Clark v. Martin, 49 Pa. 289 ; Muzzarelli v. Hulshizer, 163 Pa. 643 ; St. Andrew's Church's App., 67 Pa. 512 ; Landell v. Hamilton, 175 Pa. 327 ; Meigs v. Milligan, 177 Pa. 66 ; Hansell v. Downing, 17 Pa. Superior Ct. 235.

*John Douglass Brown,* with him *Henry Wolf Bikle* and *Henry Flanders,* for appellees.—Covenants of this nature which restrain a man in the free enjoyment of his property are not to be extended by implication : St. Andrew's Church's App., 67 Pa. 512 ; Landell v. Hamilton, 175 Pa. 327 ; Allen v. Hamilton, 175 Pa. 339.

The parish building was not a dwelling house within the meaning of the restriction : Woods v. P. & R. Terminal R. R. Co., 30 W. N. C. 117 ; Johnson v. P. & R. Terminal R. R. Co., 33 W. N. C. 184; Com. v. Hummel, 1 Pa. Dist. Rep. 479 ; Levy v. People, 19 Hun, 383 ; People v. D'Oench, 111 N. Y. 359 (18 N. E. Repr. 862) ; Sarsfield v. Metropolitan Ins. Co., 61 Barb. 479; Garrett v. Jones, 95 Ala. 96 (10 So. Repr. 702) ; Barnes v. Peters, L. R. 4 C. P. 539.

We are entitled to ask the court to read the whole deed, and if there is any doubt about its meaning to interpret its language by considering the surrounding circumstances, and ascertaining what was the intention of the parties : Electric City Land Imp. Co. v. West Ridge Coal Co., 187 Pa. 500, 512.

OPINION BY MR. JUSTICE BROWN, February 29, 1904 :

The decree in this case is on bill and answer. There are no disputed facts. The complaint of the appellant is, that the court below did not properly construe the restriction imposed on the title of the appellees, owning the lot adjoining her on the east. She owns lot No. 2028 and the appellees 2026, fronting on the south side of Cherry street, in the city of Philadelphia. Both were formerly owned by William S. Wilson, who,

in 1859, conveyed them to John B. Spackman. In the deed for lot No. 2026 there is the following restriction: " Under and subject, nevertheless, to the condition and restriction that no building, or part of a building, shall ever be built or erected on the rear end of the said above described and hereby granted lot of ground that shall be used or occupied as a dwelling house, and that no building, or part of a building, except steps, cellar doors, posts and railings, shall be built within the space of ten feet back from the line of the north side of the said thirty-four feet wide street." The same restriction is in the deed for No. 2028. It is admitted by appellees in their answer that these restrictions still exist, and it is not disputed that the one placed upon lot No. 2026, now owned by them, can be enforced by the appellant as the owner of No. 2028.

On the southwest corner of Cherry and Twentieth streets, fronting on the latter street, there is located the church of the appellees. Adjoining it on the west and east of their lot No. 2026 is their parish building, fronting on Cherry street. This building extended south to about thirty-one feet from the north side of the thirty-four feet wide street referred to in the building restrictions in the deeds from Wilson, and known now as Appletree street. To provide for the growing needs of their parish, the appellees began the erection of a stone addition or extension to the parish building at this south end, harmonizing the architecture with that of the church. The addition or extension east of lot No. 2026 goes to Appletree street, and, at a point ten feet north of that street, extends over on lot No. 2026, no portion of it, however, on that lot being within " the space of ten feet back from the line of the north side of the said thirty-four feet wide street." This addition or extension contains living rooms, kitchens, bedrooms, studies for the clergy of the parish, and will be used as their residence. On these facts we have on this appeal the very narrow question of the appellant's right to enforce against the appellees the building restriction resting upon their property by enjoining them from making the proposed improvements.

This restriction is a lawful one, enforceable at law and in equity, though it is not favored by the law, being an interference with the owners' free and full use of their property. Nevertheless, if the intention of the grantor who first imposed

it as a condition of the conveyance to his grantee clearly appears, and it is still of value to the adjoining and dominant lot, it will be enforced ; but all doubts must be resolved against it in favor of free and unrestricted use of property. Nothing will be regarded as a violation of it that is not in plain disregard of its express words. There are no implied rights arising from it which courts will recognize, and covenants like it are not to be extended by implication : St. Andrew's Lutheran Church's Appeal, 67 Pa. 512.

What is the restriction? It is, that on the rear end of the lot no building, or part of a building, used or occupied as a dwelling house shall be built or erected. The appellees did not propose to build anything on the rear end or within ten feet of it ; if they had done so, they could have put nothing on that restricted space but steps, cellar doors, posts and railings necessary or convenient to the building to be erected beyond the ten feet. But beyond this ten feet space there is no restriction. That portion of the lot for forty-seven feet may be the rear half of it, but not the end of it, which is on Appletree street ; and, in strictly construing the restriction and not extending it by implication, as we dare not, the meaning to be given to " end " is the generally accepted one of " extremity ," " termination," " limit." In the court below and on the argument before us it was freely admitted by counsel for appellant that, if the dwelling house fronting on Cherry street should be extended back on lot No. 2026 to within ten feet of Appletree street, the restriction in the deeds would not apply. If this be so, and it undoubtedly is, what is the difference if the appellees extend a building from their lot, east of No. 2026, over on it, instead of extending the one now on it down towards Appletree street, so long as they keep off forbidden ground ?

Apart from the proper meaning and legal effect given by the learned judge below to the words "rear end," the extension to the parish building is not a dwelling house within the restriction. The building, as a whole, is for church or ecclesiastical purposes, and only a portion of it—the extension—is to be a residence for the clergy. The general character of the whole building is far from being a dwelling house, and, recurring again to the words of the restriction, to be read with every doubt resolved in favor of the appellees' right to the fullest use

and enjoyment of their property, they ought to be read as referring to a building used or occupied as a whole as a dwelling house. Only such a building, or a part of it, cannot be erected on the rear end of lot No. 2026, if the restriction does extend beyond ten feet from Appletree street.

Decree affirmed and appeal dismissed at cost of appellant.