## COVENANT AGAINST OBSTRUCTION OF VIEW.

[Circuit Court of Summit County.]

JOHN MACGREGOR ET AL V. CLARA LINNEY.

Decided, April, 1905.

*Deed—Covenant in, Against Obstructing · View by Building—High Board Fence a "Building" within the Covenant.*

A board fence eight or more feet in height, extending the entire length of the grantor's premises to the sidewalk, which shuts off the view from the grantor's remaining ground and dwelling house, diminishes the air and light formerly enjoyed by him, and which is contrary to the intention of the parties as evidenced by the stipulations in the deed and the circumstances and condition of the property at the time of the conveyance is a "building" within the meaning of a deed providing against the erection of certain buildings.

WINCH, J.; MARVIN, J., and HENRY, J., concur.

Appeal from Summit Common Pleas Court.

Plaintiffs, being the owners of. certain premises on the westerly side of North Prospect street in the city of Akron, on June 6, 1903, conveyed the southerly part of said premises to the defendant by warranty deed containing the following conditions and restrictions:

"On · the express conditions, agreements and covenants between the parties hereto, their heirs and assigns herein named, viz., that for a period of fifteen years from and after the date hereof, said property so conveyed shall be used for, and occupied by, one building only, and that a family residence, and that no part of said residence shall extend any further toward North Prospect street than does the residence now occupied by said grantors, nor shall any part thereof extend nearer to

the residence now occupied by said grantors than fifteen feet from the northerly line of the property hereby conveyed; that the grantee shall within two months remove the kitchen part of the present residence and shall within two years from this date build on said property a new residence of a minimum value of $5,000, and should the grantee desire to sell, she for herself and for her heirs covenants and agrees with the grantors and their heirs and assigns, that the grantors, their heirs and assigns, shall be given the privilege of buying same at the price and on the terms in good faith offered for said property. The plan for the new residence to be subject to the approval of said grantors, their heirs and assigns.''

It is further alleged in the petition that upon said premises of plaintiff there is a valuable house which for many years' has been and now is occupied by the plaintiffs as their residence; that in the southerly side of said house there are a number of windows, and that from said house and grounds an extensive and desirable view to the south along said street was, until the erection of the obstruction hereinafter described, enjoyed by the plaintiffs, and would, save for such obstruction, continue to be enjoyed by them, even after the erection of the building stipulated in said deed.

Plaintiffs further say that the property on said North Prospect street is devoted entirely to residence purposes; that the houses in the block in which are situated all of the premises above referred to are built on practically a uniform line, distant about forty feet from said street; that said defendant accepted said deed with full knowledge at the time the same was delivered, of the reasons for which said restrictions were made: that the defendant, well knowing the restrictions contained in said deed, and the purposes which the same were intended to serve, did, in direct and willful violation thereof, and contrary to the plain spirit and intent of said instrument, on or about September 1, 1904, cause to be erected upon the premises so conveyed to her, within about a foot of the northerly line thereof, a certain building, to-wit, a board fence eight or more feet in height, extending the entire length of said premises to the sidewalk on said street.

Plaintiffs say that by reason of the erection of said building, their said view from said dwelling house and grounds is shut off and light and air which they otherwise would receive is diminished; as a result of which their said property is rendered of much less value than if such erection had not been made, and that by reason of the premises they are sustaining and will continue to sustain, while said structure stands, great and irreparable loss and injury, the amount of which can not from its nature be estimated and satisfied by any action at law for damages.

These allegations of the petition we find to be true. The prayer of the petition is, that defendant be enjoined from maintaining said fence as now constructed, and the sole question for our determination is whether it is a building within the intendment of the condition in the deed.

The Century Dictionary defines "building" as follows:

"A structure, an edifice; as commonly understood, a house for residence, business or public use, or for shelter of animals, or storage of goods. In law, anything erected by art and fixed upon or in the soil composed of different pieces connected together and designed for permanent use in the position in which it is fixed, is a building; thus, a pole fixed in the earth is not a building, but a fence or a wall is."

Bouvier gives it as follows:

"An edifice, erected by art, and fixed upon or over the soil, composed of different pieces of stone, brick, marble, wood or other proper substance connected together, and designed for permanent use in the position in which it is so fixed."

Bouvier defines fence as follows:

"A building or erection between two contiguous estates, so as to divide them, or on the same estate, so as to divide one part from another. It may be any material presenting a sufficient obstruction."

While we are not prepared to say that all fences are buildings, we think that the structure here complained of and denominated a fence comes clearly within the meaning of the word "building" as used in the deed. In coming to such conclusion

we have considered the situation of the parties at the time the deed was executed and their intention as shown by the use of said word in the light of all the circumstances and the conditions of the property.

That a fence is a building was held under the circumstances of the case reported in *Wright* v. *Evans,* 2 Ann. Pr,, 308. The contrary was held under the circumstances of the case of *Nowell* v. *Academy of Notre Dame,* 130 Mass., 209. The digests indicate the same conclusion was reached in the case reported in *Clarke* v. *Lee,* 185 Mass., 223 (70 N. E. Rep., 47), but the volume is not in the library.

Under the circumstances of this case we hold that plaintiffs are entitled to the relief they pray for, and decree may be drawn accordingly.

*Stuart & Stuart,* for plaintiffs.

*Rogers, Rowley, Bradley & Rockwell,* for defendant.