# Wimer *v.* Yellin, Appellant.

*Deeds — Building restrictions — Exceptions — Open porches — Strict construction—Equity—Jurisdiction.*

1. A building restriction in a deed made for the benefit of adjoining lots affected by its violation, is enforceable in equity.

2. Restrictions that are limited should be construed strictly and against the party who seeks to enforce them; nevertheless they must receive the construction which their plain and obvious language implies.

3. A building restriction in a deed providing that all buildings erected on the land shall be set back a designated distance from the street, is violated, where the owner of a building, already constructed, builds a wall within the forbidden area in such a way that the wall is attached to and made part of the house, and the two together have the general appearance as well as the fact of being a building of one harmonious structure.

4. In such case, if the wall attached to the house, is nothing but a room without a roof, it is, in an ordinary sense, a part of the building, or an integral and substantial part of the house, and so much of it as lies within the prohibited area violates the restriction.

5. This structure is not within the exception of open porches.

Argued January 26, 1926.   Appeal, No. 412, Jan. T., 1926, by defendant, from decree of C. P. Montgomery Co., Feb. T., 1925, No. 3, for plaintiff on bill in equity, in case of Cidney B. Wimer v. Samuel Yellin.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART and SADLER, JJ.   Affirmed.

Bill for injunction to restrain violation of building restriction.   Before MILLER, P. J.

The opinion of the Supreme Court states the facts.

Decree for plaintiff awarding injunction.   Defendant appealed.

*Error assigned* was, inter alia, decree, quoting record.

*Robert T. McCracken,* with him *C. Russell Phillips*
and *Samuel H. High,* for appellant.—The distinction be-
tween restrictions to keep "clear and open" or "free and
unobstructed" and limited restrictions, is well defined:
Binswanger v. Hyman, 271 Pa. 296; Devlin v. Poor
Richard Club, 19 Pa. Dist. R. 326.

The present restriction is a limited restriction against
buildings: Murphy v. Ahlberg, 252 Pa. 267; Challinor
v. Turney, 26 Pa. Dist. R. 374.

The proposed garden wall is not within the common
definitions of a building: Johnson v. Jones, 244 Pa. 386;
Society of Cincinnati's App., 154 Pa. 621; Cowdrick v.
Morris, 9 Pa. C. C. R. 312.

Defendant's garden wall is not a part of a building:
Landell v. Hamilton, 177 Pa. 23.

*Pierce Archer, Jr.,* with him *Franklin L. Wright* and
*W. Nelson L. West,* for appellee.—The decree was
proper: Binswanger v. Hyman, 271 Pa. 296; Dewar v.
Carson, 259 Pa. 599.

OPINION BY MR. JUSTICE KEPHART, March 15, 1926:

Appellant and appellee are adjoining landowners in
Lower Merion Township. Both front on Lancaster
Avenue, appellee's frontage being 83 feet and appellant's
160 feet. These lots, and others thereabouts, are subject
to a common building restriction or condition, which is
as follows: "No more than one house should at any time
be erected upon the above. described lot of land, and
further that all buildings except steps, cellar doors, and
open porches, hereafter erected upon said lot of land,
shall be set back at least 85 feet northeastwardly from
the middle line of Lancaster Avenue." On each lot has
been erected an expensive private dwelling which stands
the required distance from Lancaster Avenue. These
houses were built some 25 years ago.

Appellant, desiring to make changes in his property, in
addition to modernizing the house, proceeded to shut

out much of the noise and sight of traffic coming from this much-traveled highway by a stone wall nine feet high, enclosing the front part of the yard, with the exception of the driveway. The litigation is over this improvement. As it reached the house, it rose in height, connecting with the building, and continued, enclosing part of the lot in the rear, the walls there being 18 feet high. The outer surface was some inches in from the line of the adjoining property. The best material was being used and the design was artistic and is now partly erected. The walls were plastered and the lines were broken by buttresses, adding to its strength as well as to the appearance. The rear portion or "wistaria room" was without roof except by poles on which vines were to grow. As indicated, on the north side, or within the prohibited area, the height of the enclosure was to be nine feet. The court below, after a hearing on the bill to enjoin the erection as a violation of the restrictions, found that the whole structure, including the walls, will, when completed, constitute a substantial and integral part of defendant's house or building. Based on this finding, the construction was restrained as a violation of the condition.

The restriction here made was for the benefit of the plaintiff as well as all the owners of adjoining lots affected by its violation, and is enforceable in equity: Clark v. Martin, 49 Pa. 289. It will be observed, the language does not call for a space left "open and clear" or a "free unobstructed" view (Brock v. Atlantic Refining Co., 273 Pa. 76; Dewar v. Carson, 259 Pa. 599; Murphy v. Ahlberg, 252 Pa. 267), but is limited by its terms: Binswanger v. Hyman, 271 Pa. 296.

Ordinarily an owner has the right to build any structure on his land that is not or will not become a nuisance. This right may be limited as here, but because of the finding of the court below, in which we concur, it is unnecessary to determine the extent of that limitation. In support of this finding, the learned chancellor states:

"There is no doubt the improvement is connected with and is an attachment or adjunct of the house. It is intended to add to its privacy and repose. The plastering, the method of construction, the height where.it adjoins the tiled terrace, the location of the enclosure to the southeast, or on the sunny side of the house, its floor plan and steps, the facts that it does not extend to the property line on the side or in front and embraces only a section of defendant's lawn, and its general appearance and character, all suggest that it, when constructed, will be an integral and substantial part of the house and not merely an enclosed garden......Moreover, a careful study of the photographs in evidence and oral testimony leads to the impression that, if the contemplated wall were in place, the casual observer must, as he looks at defendant's improvements, reach the inevitable conclusion that the house, with all its attachments, including this wall, constitutes one single, harmonious and homogeneous structure or unit. All would then be a building within the meaning and intendment of the restriction."

After careful review of the evidence, we are satisfied the court below did not err in awarding the injunction for the reasons stated. Restrictions that are limited should be construed strictly and against the party who seeks to enforce them: Crofton v. St. Clements Church, 208 Pa. 209; Binswanger v. Hyman, supra. Nevertheless, they must receive the construction which their plain and obvious language implies; if the wall attached to the house, is nothing but a room without a roof, it is in an ordinary sense a part of the building or an integral and substantial part of defendant's house, and so much of it as lies within the prohibited area violates the restriction.

The exceptions mentioned in the condition are steps, cellar doors, or open porches; this structure is not within any of these. The gradual rise as the wall reaches the tiled terrace, the location of the enclosure to the

southeast, its general appearance and character, all suggest a building.

The question here is not whether in the abstract a garden wall is a building, but whether under all the facts of this case this construction is an integral part of appellant's house. We plant our affirmance solely on the finding of fact that the wall was attached to and made part of the house, the two together having the general appearance as well as the fact of being a building of one harmonious structure.

The decree of the court below is affirmed at cost of appellant.