## Barmach v. Barwick.

*Building law — Restrictions — Conditions running with the land distinguished from personal covenants.*

1. In the construction of building restrictions all doubts are to be resolved against the restrictions and in favor of the free and unrestricted use of the property.

2. A condition that "no other than a three-story brick messuage shall be erected on the hereby granted lot," created by a deed executed in 1814, conveying the premises to vendor's predecessor in title, one J. M., which is not specifically referred to in the subsequent chain of title, is to be construed as a personal covenant between J. M. and his vendor, and not a condition running with the land.

Petition for declaratory judgment. C. P. No. 5, Phila. Co., June T., 1926, No. 4321.

*William N. Nitzberg,* for petitioner; *Noar Klien,* contra.

MARTIN, P. J., July 7, 1926.—The petition filed in this case avers that petitioners are owners in fee of premises No. 333 North 6th Street, in the City of Philadelphia, upon which there is a three-story brick dwelling-house; that petitioners have entered into a written agreement with defendant to sell the property "clear of encumbrances, liens, easements and restrictions," and to convey to him a "title to be good and marketable, and such as would be insured by the Real Estate Title Insurance and Trust Company, at regular rates;" that the Real Estate Title Insurance and Trust Company declined to issue a policy insuring the title unless an exception is noted upon the policy, as to a "condition that no other than a three-story brick messuage shall be erected on the hereby granted lot, fronting on 6th Street;" that this alleged restriction was created in a deed executed by Frederick Beates, a former owner, dated Feb. 26, 1814, which conveyed the premises to John Monington; that there is no recital of a restriction in any subsequent conveyance of the property, but in 1827 there was a conveyance in the chain of title, in which

Barmach v. Barwick.

the deed contained a recital that the property conveyed was "the same lot or piece of ground which Frederick Beates, by indenture dated the 26th day of February, *Anno Domini* 1814, granted to said John Monington in fee, who, having erected the said three-story messuage, died."

The petition contains a prayer for declaratory judgment to the effect that the building restriction contained in the conveyance dated Feb. 26, 1814, was a personal covenant between the grantor and grantee, which was performed by the erection of the building contemplated at the time the covenant was made, and that the restriction is now inoperative and void.

The restriction appears in the form of a condition attached to the conveyance of the property made by Beates to Monington in 1814, that "no other than a three-story brick messuage shall be erected on the hereby granted lot in front of the said Sixth Street."

There were no words extending the condition to the heirs and assigns of the grantee. The only reference made to it in subsequent conveyances is the recital in the deed by the widow of Monington in 1827, describing the property as the same lot or piece of ground which Beates granted to Monington— "who, having erected a three-story brick messuage, died."

The general rule is that such stipulations will be construed most strictly against the grantor and in favor of the free and unrestricted use of the property. Such restrictions are not favored by the law, being an interference with the owner's free and full use of his property, and all doubts must be resolved against it in favor of the unrestricted use of the property. There are no implied rights arising from it which courts will recognize: Crofton v. St. Clement's Church, 208 Pa. 209-214, and Johnson v. Jones, 244 Pa. 386-389.

"The test in determining whether a particular covenant runs with the land is the intention of the parties, and to ascertain such intent, resort may be had to the words of the covenant read in the light of the surroundings of the parties and the subject of the grant, . . . and, in order to make this rule applicable, it must appear from the terms of the grant or from the situation and the surrounding circumstances that it was the intention of the grantor in inserting the restriction (condition) to create a servitude or right which should enure to the benefit of the plaintiff's land and should be annexed to it as an appurtenance. There is no language in the deed expressly stating that this condition was inserted for the benefit of the remaining land. It would have been easy to say that it was so inserted if that had been the intention of the grantor:" De Sanno v. Earle, 273 Pa. 265, 270, 274.

"In the construction of building restrictions, all doubts are to be resolved against the restrictions and in favor of the free and unrestricted use of the property:" Johnson v. Jones, 244 Pa. 386.

The condition in the instant case might be construed to mean that the grantee, if he erected any building on the property, must construct a three-story brick messuage; or that he was free to erect any other kind of building than a messuage, but if he erected a messuage, it must be constructed of brick and be three stories high.

The doubtful meaning of the condition is fatal to a construction that it is a restriction running with the land. A reasonable construction is that the grantor desired to secure the erection of a three-story brick messuage on the 6th Street front, and this having been accomplished, the covenant was fulfilled, and no further reference made to it in subsequent transfers of the title.

And now, to wit, July 7, 1926, the prayer of the petition is granted, and it is ordered and decreed that the building restriction contained in the deed conveying No. 333 North 6th Street, in the City of Philadelphia, by Frederick

Beates to John Monington, dated Feb. 26, 1814, "Upon the condition that no other than a three-story brick messuage shall be erected on the hereby granted lot, front on Sixth Street," was a personal covenant between said Frederick Beates and John Monington, which was performed by the erection of the building contemplated, and that the said building restriction is now inoperative and void.