BAGIANO v. HARROW.

1. COVENANTS—BUILDING RESTRICTIONS—LOT LINE—TIGHT BOARD FENCE ATTACHED TO BUILDING.

   Inclosure with tight board fence extending to street line, of same width and attached to main building, is violation of building restriction requiring all buildings to be placed at least 15 feet back of front line of lots, although main building is properly set back.

2. JUDGMENT—ESTOPPEL.

   Claim by party in former suit that building restrictions had been abrogated by violation, which claim was not sustained by the court, did not estop him from thereafter complaining of violations by others, since he had a right to accept the adverse judgment of the court.

Appeal from Wayne; Jayne (Ira W.), J. Submitted June 13, 1929. (Docket No. 31, Calendar No. 34,306.) Decided July 8, 1929.

Bill by Dominick Bagiano against Alfred T. Harrow and others to restrain violation of a building line restriction. From a decree for plaintiff, defendants appeal. Affirmed.

*Walter Schweikart* and *Julien Winterhalter*, for plaintiff.

*Max Kahn* (*Leonard V. Pylkas*, of counsel), for defendants.

FEAD, J. This case involves the italicized clause of the following building restriction:

"Said premises shall not be occupied by a colored person (of Ethiopian descent), nor for the purpose

As to what constitutes "building" within meaning of restrictive covenant, see annotation in 49 A. L. R. 262.

of doing a liquor business thereon *and all buildings shall be placed at least fifteen (15) feet back of the front line of lots."*

The structure complained of is used as a lumber yard. The main building is properly set back. The part in controversy is an inclosure attached to the main building, of the same width and extending to the street line, without a roof, with a 10-foot tight board fence in front and 6-foot fences on the sides, used for storage of shingles, the piles sometimes having boards laid on them to form a temporary roof as protection from snow.

With commendable diligence counsel have assembled the authorities on whether fences and walls are buildings. Plaintiff is supported by *Wright* v. *Evans,* 2 (N. Y.) Abb. Prac. (N. S.), 308; *MacGregor* v. *Linney,* 27 Ohio Cir. Ct. Rep. 490, and *Wimer* v. *Yellin,* 286 Pa. 33 (132 Atl. 809), while defendants are sustained by *Nowell* v. *Boston Academy of Notre Dame,* 130 Mass. 209, and *Clark* v. *Lee,* 185 Mass. 223 (70 N. E. 47). Each presents cases involving other structures, sufficiently analogous to support his contentions in principle.

While some of these courts have defined the word "building," none has declared its definition absolute, and all of them recognize that application of the word to a particular structure is largely governed by the terms of the instrument and the purpose of the restriction.

The purpose of the restriction at bar was not to control the kind of buildings, but to govern their location in order to afford adjoining owners light, air, and view. The fences were attached to the building, the inclosure used as an integral part of it, and the structure defeated the restriction as effectively as though the inclosure had been fully

roofed.  It constituted a violation of the covenant. The situation is very similar to that in *Wimer* v. *Yellin, supra,* in which the court said:

"Restrictions that are limited should be construed strictly and against the party who seeks to enforce them:  *Crofton* v. *St. Clement's Church,* 208 Pa. 209 (57 Atl. 570); *Binswanger* v. *Hyman, supra* (271 Pa. 296; 114 Atl. 628).  Nevertheless, they must receive the construction which their plain and obvious language implies; if the wall attached to the house, is nothing but a room without a roof, it is in an ordinary sense a part of the building or an integral and substantial part of defendant's house, and so much of it as lies within the prohibited area violates the restriction."

On at least two other occasions this restriction has been before the circuit court and has been sustained as against the claim, again here made by defendants, that it had become ineffective because of violation by others.  The evidence supported the finding of the chancellor that it had remained and now is in force.

In one of the former suits plaintiff here was defendant.  He made the claim of abrogation of the restriction by violation.  The court held against him.  He had the right to accept the adverse judgment of the court and his claims in that suit would not estop him from complaining of future violations.

The other contentions of defendants are not sustained by the evidence.

The decree is affirmed, with costs.

NORTH, C. J., and FELLOWS, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.