## Skyline Swimming Pool, Inc. v.
## Stanley Co., Ltd.

*May, Grove & Stork* and *Robert Ruppin*, for plaintiff.

*Carl A. Wiker, Meltzer & Schiffrin* and *Arnold, Bricker, Beyer & Barnes*, for defendants.

JOHNSTONE, J., March 18, 1966.—All three defendants in this case have filed preliminary objections to plaintiff's amended complaint, and the objections have been argued before the court sitting en banc. For the purpose of disposing of the objections, we will accept as true all averments of fact in the complaint, but will ignore any conclusions or matters of law: Clark v. Allen, 415 Pa. 484, and no summary judgment will be entered except the case be clear and free from doubt: Baker v. Brennan, 419 Pa. 222.

Plaintiff, Skyline Swimming Pool, Inc. (Skyline), is a business corporation and the owner of three adjoining tracts of land situated on the northeast side of Eden Road, Manheim Township, this county. Skyline acquired title to all three tracts by deeds from one of defendants, Lancaster Estates, Inc. (Lancaster), dated November 2, 1959, September 30, 1960 and September 27, 1963. The president and principal stockholder of Lancaster knew that Skyline purchased the land for the purpose of constructing a swimming pool which was to be operated commercially for profit. A large swimming pool and a wading pool were constructed on the land acquired in the 1959 deed at a cost of $125,000, and accessory buildings were constructed at an additional cost of $26,500.

The last deed, the 1963 deed, from Lancaster to Skyline contained the following: "The Grantor covenants and agrees as follows: (1) That the area purchased shall be zoned so as to permit the construction and operation of a swimming pool for the use of the holders

of stock of a corporation formed for the operation of the swimming pool. (2) That no other land in the development from which this tract was divided, which development is generally bounded on the West by other property of Skyline Swimming Pool, Inc.; on the South by Eden Road; on the East by Roseville Road; and on the North by property of Highland Presbyterian Church, shall be sold for the construction and operation of any pool or enterprise that would be in any way competitive with the contemplated use of the herein above-described real estate".

The three tracts conveyed by Lancaster to Skyline were parts of a larger tract of 70.07 acres owned by Lancaster. Subsequent to the conveyances to Skyline, Lancaster conveyed two tracts and has agreed to convey a third tract all adjoining Skyline on the southwest, to Stanley N. Silverman, Arnold H. Silverman and Arlyn M. Silverman, trading as Stanley Co., Limited (Stanley), with knowledge that Stanley intended to construct a large number of apartments and a swimming pool. The conveyances by Lancaster to Stanley were deliberately made with knowledge that the swimming pool to be constructed on the Stanley tracts would be in direct competition with Skyline's pool, and the conveyances deliberately failed to include a covenant against constructing a swimming pool.

Shortly after the two conveyances to Stanley, Stanley conveyed the same two tracts to defendant, Roseville House Apartments, Inc. (Roseville). Each of the deeds from Stanley to Roseville contained the following provision: "The conveyance to the Grantee herein is a conveyance to a nominee or straw party, which is taking title on behalf of the equitable owners, and not on its own behalf, for the explicit purpose of placing a construction mortgage and permanent mortgage upon the premises and the signing of such other incidental agreements and instruments in connection therewith".

Fourteen apartment houses, containing 112 apartments, have been constructed on the Stanley-Roseville land, and the construction of 24 more apartment houses containing 192 additional apartments is contemplated. A swimming pool, approximately 45 feet by 95 feet, capable of accommodating approximately 200 people, has been constructed on the Stanley-Roseville land within 500 feet of Skyline's pool. Tenants of the apartments, their families and guests have been solicited to use the swimming pool constructed with the apartment houses for a consideration in addition to the apartment rent. Notice was given to all three defendants prior to the start of construction of the apartment house swimming pool that the construction of a swimming pool would be in violation of the covenant in the deed from Lancaster to Skyline.

Skyline seeks a decree declaring the covenant in the last deed from Lancaster to Skyline to be a covenant running with the land and binding on the other two defendants; declaring the construction of the apartment house swimming pool to be a violation of the covenant; restraining the use of the apartment house swimming pool; and awarding such damages as have been suffered.

Stanley, in its preliminary objections, attacks the jurisdiction of this court on the ground that the complaint has not been served in such a manner as to give this court jurisdiction over them personally or over the subject matter of the suit. The sheriff's return shows that the Stanleys were served by sending a true and attested copy of the amended complaint to them, by registered mail return receipt requested to their place of business, 868 Broad Street, Newark, N. J., and attached the return receipts to the return.

Pennsylvania Rule of Civil Procedure 1503(a) states, except as otherwise provided, a complaint in equity may be brought in and only in the county where

defendant or a principal may be served or where the property which is the subject matter of the action is located. This rule further provides that no judgment or decree shall bind a defendant personally unless served in conformity with rule 1504(b). The latter rule provides that when the subject matter of the action is property within the jurisdiction of the court, service may be made outside the Commonwealth by sending a copy of the complaint by registered mail to defendant.

No service was had on the Stanleys in Lancaster County, nor in the Commonwealth. The service on the Stanleys by registered mail sent to New Jersey would only be valid under rule 1504(b) if the subject of this action is property within Lancaster County. In our opinion, the present action does not involve property or land in Lancaster County, but does involve the right to use land here and the contractual obligations of the parties based on the interpretation of a covenant in a deed. The relief sought by plaintiff could not be granted in a decree limited to the land itself, but would require personal action on the part of the Stanleys. In our view this case is ruled by Conley-Irwin Corp. v. Reiter, 413 Pa. 213.

The sheriff's return also shows that the amended complaint was served on the Chairman of the State Real Estate Commission, as statutory agent for Stanley N. Silverman, a registered real estate broker, by sending a true and attested copy to him by registered mail return receipt requested to his office in Harrisburg, Pa. Such service is provided for in section 7(f) of the Real Estate Brokers License Act of May 1, 1929, P. L. 1216, as amended, 63 PS §437(f). A nonresident licensee irrevocably consents that suits and actions may be commenced by serving process on the chairman of the commission and agrees that such service is as valid and binding as if made personally within the State. The limitations in rule 2077(b) have no application to this

suit, since the title, possession or charges or liens upon real or personal property are not involved. Personal service having been properly obtained on one of the partners, Stanley N. Silverman, the partnership and all of the partners individually are deemed to have been served under rule 2131.

All three defendants have filed preliminary objections in the nature of a demurrer and have averred that the complaint does not state a valid cause of action. The controversy is over the meaning and application of the covenants contained in the 1963 deed from Lancaster to Skyline. Are these covenants binding on the residue of land owned by Lancaster after its 1963 conveyance to Skyline? Are these covenants merely personal between Lancaster and Skyline and ineffective as to the other defendants? Do the covenants prevent a sale of the land, or do they also prevent a particular use of the land, or both? Are the covenants against competition enforceable?

". . . an owner of property is still entitled in Pennsylvania to certain unalienable constitutional rights of liberty and property. These include a right to use his own home [or property] in any way he desires, provided he does not (1) violate any provision of the Federal or State Constitutions; or (2) create a nuisance; or (3) violate any covenant, restriction or easement; or (4) violate any laws or zoning or police regulations which are constitutional": Lord Appeal, 368 Pa. 121, 125; Lened Homes, Inc. v. Philadelphia Department of Licenses and Inspections, 386 Pa. 50, 54; Cleaver v. Board of Adjustment, 414 Pa. 367, 371; Parker v. Hough, 420 Pa. 7, 11.

The only exception involved in this case to defendant's right to use its property in any way it sees fit is the alleged violation of a covenant or restriction binding on their land. In Jones v. Park Lane for Convalescents, Inc., 384 Pa. 268, the Supreme Court stated

at page 271: "In order properly to consider and determine the question involved it is important at the outset to have in mind the applicable legal principles that have been enunciated, frequently reiterated, and consistently applied, through a long succession of cases decided by this court. However variously phrased, they are, in substance, that restrictions on the use of land are not favored by the law because they are an interference with an owner's free and full enjoyment of his property; that nothing will be deemed a violation of a restriction that is not in plain disregard of its express words; that there are no implied rights arising from a restriction which the courts will recognize; that a restriction is not to be extended or enlarged by implication; that every restriction will be construed most strictly against the grantor and every doubt and ambiguity in its language resolved in favor of the owner".

In the present case, Lancaster has covenanted with Skyline that it would not sell any other land in its development for the construction and operation of any pool or enterprise which will be competitive with the "contemplated use" by Skyline of the land conveyed in the 1963 deed. We are bound to interpret the language used in the light of the apparent object or purpose of the parties and of the conditions then existing: Drucker v. Russell, 279 Pa. 443, 448, and to give a construction which the plain and obvious language implies: Wimer v. Yellin, 286 Pa. 33, 36. In McCandless v. Burns, 377 Pa. 18, the principle is stated in this manner: "To ascertain the intention of the parties the language of the deed should be interpreted in the light of the subject matter, the apparent object or purpose of the parties, and the conditions existing when it was executed".

Considering the language used by the parties, and the fact that Skyline had a commercial swimming pool in operation on other land owned by it, it is obvious to

us that Lancaster agreed it would not sell any of its remaining land to a competitor of Skyline. The complaint avers that Lancaster deliberately conveyed land to Stanley with full knowledge that Stanley intended to construct and operate a swimming pool in competition with Skyline. This Lancaster had specifically covenanted it would not do. Having done so, what remedy is available to Skyline against Lancaster?

Since Lancaster has parted with its title to the land now owned by Stanley and/or Roseville, it no longer has any control over the use of the land. No decree could be entered directing Lancaster to refrain from maintaining and operating the swimming pool constructed on Stanley's and/or Roseville's land; nor could Lancaster be directed to remove the pool. Thus, there is no equitable relief available to Skyline against Lancaster. However, if Lancaster has breached its covenant with Skyline, then it would be liable for any provable damages suffered by Skyline. This claim for damages can be certified to the law side of the court upon the request of plaintiff.

Is the covenant in the deed from Lancaster to Skyline effective to prevent the use by Stanley and/or Roseville of their land for the operation of a swimming pool in conjunction with their apartment complex? We think not, and for a number of reasons:

In order to be binding on a subsequent grantee, such as Stanley or Roseville, the covenant in question must be one running with the land. In Goldberg v. Nicola, 319 Pa. 183, the court stated, at page 184, "Where an instrument conveying or granting an interest in land restricts the use of that land to a certain definite purpose which will be beneficial to the land affected and the remaining land in the grantor out of which the grant is made or to other lands of the grantor adjacent thereto, such restriction is a covenant real and becomes a part of the estate that is granted, binding successively the owners of the land". The covenant not to sell other

land in competition with Skyline's swimming pool does not benefit the land of either the grantor or grantee. It is merely an attempt to benefit the commercial interests of Skyline by attempting to prevent competition. The covenant does not in any way affect the physical use or enjoyment of the land: Daniels v. Notor, 389 Pa. 510, 519; Price v. Anderson, 358 Pa. 209.

Furthermore, the covenant in question does not attempt to restrict the use of the land, but merely its sale for competitive purposes. It has been argued that this is too strict a construction to place on the language used. Under the principles of the Jones v. Park Lane case, supra, we are bound to construe restrictions on the use of land most strictly against the person asserting them and to resolve every doubt and ambiguity in favor of the owner. It would have been a very simple matter, if the parties to the deed so intended, to have stated that no commercial swimming pool shall ever be constructed or maintained on the remaining land of the grantor. Contrary to established legal principles, we would have to extend or enlarge the language of the restriction by implication to include a restraint on the use as well as the sale of the land.

In this day, it is quite common for apartment buildings and apartment complexes to have an outdoor swimming pool for the benefit of their tenants and guests. We could not equitably deny the tenants of the apartment house complex in question and their guests the privilege and pleasure of using the swimming pool constructed on the property unless the covenant in question clearly and with certainty prohibited the use of the land for that purpose. If the covenant were to be construed to restrain the use of the apartment pool, it could also be construed to prevent the construction and maintenance of a private pool in the backyard of someone's home. Even a private pool would compete with Skyline, since it would take away prospective cus-

tomers. The covenant does not speak of commercial competition, but competition in any way. "Courts should not attempt to remedy the omissions of those creating restrictive covenants and extend, by implication, a restraint on the use of land by writing into a restriction that which is not therein clearly expressed": Ratkovich v. Randell Homes, Inc., 403 Pa. 63, 71.

The covenant in question does not state that it is binding on the grantor's successors and assigns. While words of succession may not be an absolute necessity under certain circumstances, such as where the intention of the parties is expressed in clear and unambiguous terms, the lack of such words in the present case adds support to the contention that this was a personal covenant between the grantor and grantee, and not a covenant running with the land.

The disputed covenant provides that no land shall be sold for the construction and operation of any pool or enterprise that would be in any way competitive with the contemplated use of the land by the grantee. What the grantee's contemplated use of the land might be is not mentioned in the covenant nor in the complaint. Since Skyline's swimming pool and accessory building had been constructed more than three years prior to the 1963 conveyance and even before the 1960 deed, it is hardly likely that the construction of another pool was contemplated. There is no intimation as to what other "enterprise" Skyline might have had in mind. We can only assume that Skyline intended to use the land in conjunction with its existing swimming pool. As we understand the law, it is not the province of the court to make any assumptions in the interpretation of restrictive covenants. Only those covenants which are clear and free from doubt are to be enforced. The covenant here does not meet the required standards and we must refuse to enforce it.

Since plaintiff's case rests solely on the interpreta-

tion of the covenant in the 1963 deed, and we are completely satisfied that the covenant is unenforcible, there is no way in which plaintiff could amend its complaint so as to state a cause of action. That defendant's demurrer should be sustained is clear to us and free from doubt.

And now, March 18, 1966, the preliminary objection of Stanley N. Silverman, Arnold H. Silverman and Arlyn M. Silverman, individually and trading as Stanley Co., Limited, in which the jurisdiction of this court is attacked, is dismissed; the preliminary objection in the nature of a demurrer of the three defendants to plaintiff's complaint is sustained and plaintiff's complaint is dismissed, except plaintiff's claim against defendant, Lancaster Estates, Inc., for damages which will be certified to the law side of the court upon the request of plaintiff.