# McCloskey, Appellant, v. Kirk.

*Real property—Covenants running with the land—Building restrictions—Equity—Injunction.*

1. Building restrictions are lawful and enforceable but they are not favored by the law and the courts will not recognize implied rights or extend covenants by implication.

2. The test in equity by which to determine whether a covenant in a deed runs with the land is the intention of the parties, to be ascertained by the words of the covenant read in the light of the surroundings of the parties and the subject of the grant.

3. A dotted line on a plan of lots referred to in the deeds conveying the lots, with the words "15 foot building line" above the line, is not of itself a valid unlimited building restriction prohibiting the erection of buildings on the space indicated between the dotted line and the street property line.

4. On the hearing of a bill in equity to enforce an alleged building restriction, it appeared that plaintiffs and the defendant had purchased from a land company lots designated in a recorded plan upon which appeared across the lots and parallel to the street a dotted line along which was written "15 foot building line." Plaintiffs had erected their house in accordance with the plan, but the defendant was erecting a house six feet from the street line, although notified by the plaintiffs of the alleged restriction when the house was commenced. The land company had limited the operation of the restriction to ten years, which had almost expired at the time of the filing of the bill, but this fact, although known to the defendant, was not known to the plaintiffs. The lower court dismissed the bill but ordered the defendant to pay the costs. *Held,* no error.

Argued Oct. 27, 1913. Appeals, Nos. 142 and 143, Oct. T., 1913, by plaintiffs, from decrees of C. P. Allegheny Co., July T., 1912, No. 3039, Docket C., in Equity, and No. 3117, Docket A, in Equity, dismissing bills in equity to enforce a building restriction in case of Louis J. McCloskey and William T. Waite v. William H. Kirk, and in case of Louis J. McCloskey and William T. Waite v. C. E. Kirk. Before FELL, C. J., ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Bill in equity to enforce a building restriction.

MILLER, P. J., who specially presided, filed the following findings of fact, conclusions of law and opinion:

The question is, whether a dotted line in a recorded plan of lots with the notation "building line" constitutes a building restriction as a covenant running with the land which every property owner must observe?

The bill, by two owners of improved lots in the plan, alleges that the defendant has erected a building upon one of the lots which extends over the alleged building line near to the street contrary to the implied covenant and burden cast upon all the lots and thus precludes light, air and prospect over and through that portion of plaintiffs' lots, and all other lots in the plan intended by the restriction to be kept open and unobstructed.

The answer admits knowledge of the alleged building line as indicated in the plan, but denies that it is a valid restriction; it further sets up that changed conditions since the plan was recorded justifies the abandonment of the alleged restriction.

The following are the material facts:

1. The South Park Land Company, owners of a large tract of land situate in the Borough of Carrick, Allegheny County, laid out and recorded September 10, 1902, in the recorder's office of Allegheny County, in Plan Book Volume 19, page 178, its plan of lots, through which were laid out several streets or avenues, among others, Park avenue, now known as Hazel avenue, and Southern avenue, now known as the Brownsville road; the lots in question front on the Brownsville road. There appears on said plan a dotted line drawn across all the lots on Southern avenue, now Brownsville road, in said plan, with the following words on or above said line, "fifteen foot building line." This line is drawn across the lots owned by the plaintiffs and the defendants as hereinafter more fully referred to.

2. The South Park Land Company conveyed lot number eight in said plan to William T. Waite, one of the

plaintiffs, by deed dated January 17, 1905, recorded in
the recorder's office of Allegheny County in Deed Book
Volume 1386, page 546. It conveyed lot number nine by
deed dated May 1, 1905, recorded in Deed Book Volume
370, page 549, to the grantor of the other plaintiff, Louis
J. McCloskey, who has a binding contract for the pur-
chase of said lot. The deeds from the South Park Land
Company for the above named lots describe them only
by number as recorded in said plan, giving their dimen-
sions; there is no reference to any building restriction
nor any covenant with respect to a building line in said
deeds, or either of them.

3. The defendant, William H. Kirk, was an officer of
the South Park Land Company and called the attention
of the plaintiff, William T. Waite, to the fact that a
building line appeared upon the recorded plan at the
time Waite purchased the lot above described.

4. The buildings owned by the plaintiffs are dwelling
houses; both are distant fifteen feet and more from
Brownsville road; other buildings, except those erected
by the defendant, on said plan of lots fronting on the
Brownsville road, are also distant fifteen feet and more
from the street property line.

5. By deed dated March 4, 1912, recorded in the re-
corder's office of Allegheny County, in Deed Book Vol-
ume 1746, page 187, the South Park Land Company con-
veyed to the defendant lot number one in said plan, who
shortly thereafter began the erection of a three-story
apartment house on said lot; the foundation walls of
said lot are within six feet of the street property line
and extend nine feet over the alleged building line
toward the street. Kirk, the defendant, was notified by
his own engineer, Donnelly, who made a survey of the
lot for Kirk at the time of its purchase, of the existence
of said dotted line, coupled with the advice that he, Kirk,
build back fifteen feet from the street line in accordance
with said apparent restriction. He was also notified by
the plaintiffs, as appears by Exhibit "A," attached to

the bill and made part hereof, of his violation of the alleged building restriction, and requested him to construct his building in accordance with the restriction.

This notice was promptly given and before the foundation walls of defendant's building were completed. Notwithstanding this notice or the information he obtained from Donnelly, or the notice given by him in 1902 to McCloskey of the existence of this line, the defendant continued the erection and completion of the said apartment house at a cost estimated at $15,000.

6. The character of the neighborhood has not changed from residence to business property since the laying out of the plan to such an extent, as of itself would lay foundation for a fact that the alleged building restriction should no longer be observed.

7. From the minute book of the South Park Land Company there appears, and was offered under objection, the following under date of August 14, 1902: "Motion, Mr. Scott; seconded by Mr. Neisum, that the time limit on the building restriction on lots be limited to ten years. Carried."

There is no evidence that this alleged limitation was communicated to the plaintiff or any other purchasers in said plan of lots at and prior to the time of their respective purchases, nor is there any record made thereof other than as appears in the minutes.

8. There is no evidence that the plaintiffs, or either of them, made any inquiry or investigation as to any acts or declarations, whether contained in the minutes of the South Park Land Company or otherwise which created and defined said dotted line and declared the same as irrevocable unlimited building restriction; nor is there any evidence that the South Park Land Company by resolution or otherwise ever created or defined a building restriction as applicable to said lots.

CONCLUSIONS OF LAW.

1. A dotted line drawn across a plan of lots with the

words "fifteen foot building line" above said dotted line, of itself, is not a valid, unlimited building restriction prohibiting the erection of buildings on the space between that indicated by the dotted line and the street property line.

2. Plaintiffs were put upon inquiry as to the creation and purpose of the dotted line appearing on the South Park Land Company's plan; such investigation would have shown, inter alia, that the alleged restriction was limited to ten years from August 14, 1902.

3. Under these circumstances equity cannot afford relief; this without prejudice to the plaintiffs' right to sue for damages the original grantees, the South Park Land Company, and these defendants, both or either of them.

4. The bill must be dismissed, but the defendants must pay the costs.

### OPINION.

The manner in which restrictions limiting the use of land is created may be by reservation in the deed, by a condition annexed to a grant, by a covenant, or even by parol agreement of the grantees. When created by covenant it runs with the land. Whether it runs with the land or whether it is an easement is immaterial, provided the creation of the restriction is clearly defined and is understood by the parties at the time.

These restrictions, if reasonable, may be enforced in courts of equity against the land designated to be benefited or burdened in whosesoever hands the lands may be without regard to whether the creation of the restriction is in the nature of an easement or of a covenant, provided that the parties, both the grantee and the grantor, understood the nature and burden of the restriction and had notice thereof, either actual or constructive.

The great majority of cases arise where tracts of land are sold in lots and covenants are exacted imposing restrictions upon the use of the lots sold in pursuance of

the general plan for the mutual advantage of all the lots.

The alleged restriction in the case at bar differs from all others found in any of the adjudicated cases by either of the appellate courts in Pennsylvania. In every one, and to name them would constitute a great list, either the restriction or condition appeared in the conveyance itself without reference to any plan, or if the conveyance was made according to a plan upon which appeared restrictions or limitations, reference to the restrictions or limitations in the plans were made part of the covenants in the deed.

The bare, naked indication of a restriction in the case at bar is a dotted line with the words "15 Ft. Building Line" connected therewith running parallel to certain streets, from which alone it is urged that a binding limitation amounting to a covenant irrevocable in time runs with the land.

In equity the test by which to determine whether a covenant in a deed runs with the land is the intention of the parties; to ascertain such intention resort must be had to the words of the covenant read in the light of the surrounding of the parties and the subject of the grant: Landell v. Hamilton, 175 Pa. 327. Before it can be assumed that the notation on the plan is equivalent to a covenant in the deed running with the land or is the equivalent of an irrevocable easement, the intention of the parties in the creation of the covenant or easement and of their several grantees must be reached. The words "Building Line 15 Ft." of themselves are not conclusive; granted that the existence of this notation upon the plan indicates a restriction, what is the extent thereof as to time or as to character? The court is asked to construe the notation upon the plan as a solemn covenant running with the land for an indefinite period, and this as being within the intention of the parties at the time.

The appearance of this dotted line on the plan without

more, conceding that the plaintiffs knew of it before they received their deeds, coupled with the tender of deeds which made no reference to the line nor indicated it as a restriction, put them upon special inquiry; so important a matter as a restriction creating a covenant running with the land or as an easement irrevocable as to time demanded further information from those creating this limitation as to its meaning and scope. The source of information was the corporate act of the plaintiff's grantee, the South Park Land Company; unless it affirmatively appeared that the original owners of this land created this building restriction with the effect of a covenant and that the dotted line was the complete evidence thereof and that it authorized its incorporation as a covenant in the acknowledgment in the plan, it meant nothing. Whether such investigation would have shown the foregoing acts from which the effect thereof could be construed as a binding covenant or easement does not appear; this investigation certainly would have shown action by the grantee limiting the alleged restriction to ten years.

It cannot be said that this investigation imposed an undue burden upon the plaintiffs. When title depends upon corporate action mere reference to such action in the conveyance is not accepted by a careful person. He wants to know, and has a right to know, if the action as shown by the minutes, after an examination of them, or of certified copies thereof, are correct; the minutes themselves or authenticated copies thereof must not only show that action was taken, that it was legally taken, but must show everything that has any bearing or relation to the title he is called upon to accept. In arriving at the conclusion that this dotted line on the plan in question does not constitute a valid building restriction we are without adjudicated precedents in the State. The nearest approach to it is May v. Morris, 58 Pitts. Leg. J. 344, in a brief opinion by Judge MACFARLANE of the Common Pleas Court of this county, wherein it was

held that a mere dotted line on a plan, without more, did not create a covenant running with the land and was not an incumbrance to the title.

While no authorities are cited for this conclusion it seems correct on principle. For, while such restrictions are held lawful and enforceable, they are not favored by the law, and the courts will not recognize implied rights and extend covenants by implication: Crofton v. St. Clement's Church, 208 Pa. 209. In Gilmore v. Times Publishing Company, 18 Pa. Superior Ct. 363, the rule is stated as follows: "The court must be convinced that he or his predecessor in title has taken the premises by a deed which contains a restriction or condition expressed in clear and certain terms, or which contains a promise, agreement or undertaking on the part of the grantee clearly expressed, or which contains such terms as have a certain legal operation from which a covenant would necessarily arise." The deeds to the plaintiffs certainly contain no restriction or condition, or promise, agreement or undertaking, by express terms or otherwise, from which a covenant or easement is created; nor are there in these deeds any terms from which covenants necessarily arise as "a certain legal operation."

In view of the adjudicated cases, showing that creation of such covenants in the conveyances themselves, or clearly defined restrictions appearing upon plans which in terms are made part of the conveyance; in view of the conviction that so important and vital a matter as the restriction or limitation upon the free right to use land as the owner may see fit must be made to appear by more affirmative action than has been produced in the case at bar; coupled with the particular fact in this case, to-wit: that investigation would have shown that the alleged restriction was a limited one, and has expired, are sufficient to deny the right of the plaintiffs in equity.

In so holding, their right for damages in an action at law, as against their grantees who failed to disclose to them voluntarily the limitation upon the alleged restric-

tion which the plan showed, and as against the defendants, particularly Dr. W. H. Kirk, who had knowledge of this restriction and should have disclosed its limitation, is not precluded. The representation made by him to Waite of the existence of this notation on the plan, coupled with his failure to state that the restriction, if it did exist, was limited as to time, when as an officer of the corporation he was bound to know of the corporate act, is peculiarly aggravating. Instead of defiantly continuing their building operations after notice by the plaintiffs of the alleged violation of the restriction, the defendants should have taken legal steps to have the validity of the so-called restriction adjudicated, and are liable for the costs of these proceedings.

Exceptions to the findings of the trial judge were dismissed by the court and a decree was entered dismissing the bill, but the defendant was ordered to pay the costs. Plaintiffs appealed.

*Errors assigned* were various findings of fact and law of the trial judge and the decree of the court.

*E. B. Strassburger*, with him *W. H. Lemon*, for appellants.

*E. W. Arthur*, with him *W. S. Thomas*, for appellee.

PER CURIAM, January 5, 1914:

The decrees appealed arise from substantially the same facts. They are affirmed on the findings of fact and law and the opinion of Judge MILLER, specially presiding, filed in No. 142.