# Murphy v. Ahlberg, et al., Ex'rs, Appellant.

*Real property—Conveyance—Deed—Construction—Building re-
strictions—Unobstructed prospect—Bill in equity—Injunction.*

1. The general rule is that the language of a deed should be in-
terpreted in the light of the apparent object or purpose of the
parties and of the conditions existing when made.

2. Certain lots in the residential section of a city were subject
to a building restriction that the grantee "shall have the free
and unobstructed right of light, air and prospect over and across
the front of any other property now owned by the grantor" with
the provision that the restriction should bind the heirs and assigns
of both parties. At that time houses were erected on the lots
having open porches in front; subsequently the owner of one of the
houses built a second and third story porch over the original porch.
The owner of another of the houses, which, however, did not adjoin
the one which was altered, whose view was interfered with by the
new construction, brought a bill in equity to enjoin the violation
of the restriction. The lower court directed the removal of the
second and third story portion of the porch, and perpetually re-
strained defendant from erecting porches above the first story of
the house. *Held,* no error.


Argued Oct. 27, 1915. Appeal, No. 192, Oct. T., 1915,
by defendants, from decree of C. P. Allegheny Co., April
T., 1913, No. 1690, granting injunction in case of Mary
A. Murphy v. Flora A. Ahlberg and Herman Laub, Ex-
ecutors of the last will and testament of Jacob Friday.
Before BROWN, C. J., MESTREZAT, POTTER, MOSCHZISKER
and FRAZER, JJ. Affirmed.


Bill in equity for injunction. Before BROWN, J.

The facts appear by the opinion of the Supreme Court.

The lower court entered a decree directing the removal
of the second and third story portion of the porch in
front of the property in question and perpetually re-
strained defendants from erecting porches in front of
the second and third stories of the said property. De-
fendants appealed.

*Error assigned,* among others, was the decree of the court.

*J. Rodgers McCreery,* for appellants.—The restriction is indefinite and cannot be enforced except for clear and undoubted breach: Wesley v. Sulzer, 224 Pa. 311; Crofton v. St. Clement's Church, 208 Pa. 209; St. Andrew's Lutheran Church's App., 67 Pa. 512.

The restriction does not extend beyond the twelve-foot lawn: Ogontz Co. v. Johnson, 168 Pa. 178; Wesley v. Sulzer, 224 Pa. 311; Schuylkill Navigation Company v. Moore, 2 Wharton 477; Krueger v. Nicola, 205 Pa. 38.

*J. Boyd Duff,* with him *Thomas E. Finley,* for appellee, cited: McCloskey v. Kirk, 243 Pa. 319; Landell v. Hamilton, 175 Pa. 327.

OPINION BY MR. JUSTICE FRAZER, January 3, 1916:

In 1910 Jacob Friday and wife conveyed to Peter Murphy a house and lot, No. 230 Bellefield avenue, Pittsburgh, being portions of two lots in a partition plan in the estate of Isaac Craig, deceased. The deed contained the following restrictions: "It is further agreed that the said second party, his heirs or assigns, shall have the free and unobstructed right of light, air and prospect over and across the front of any other property now owned by the parties of the first part, lying north of the above described, and includes lot '1' in said partition plan; and that no building shall be erected nearer to Bellefield avenue than the present building now on the same. This restriction shall apply to and bind the heirs and assigns of both parties hereto, but shall not prevent the planting of shrubbery or small trees on the front of said lots." This property is now owned by plaintiff, Mary S. Murphy.

At the time the above conveyance was made Jacob Friday owned other properties on Bellefield avenue adjoining that conveyed to plaintiff's predecessor in title,

upon which were erected four three story dwellings, each with a porch in front extending in height to the beginning of the second story and also about ten feet forward beyond the front of the building. One of these dwellings was numbered 246 Bellefield avenue, the porch of which was an open one, with wooden pillars resting upon brick bases. Lot No. 1, above referred to, adjoins and lies south of plaintiff's property and was, at the time of the conveyance by Friday, and still is, a vacant lot. In 1914, defendants, executors of Jacob Friday, deceased, having decided to convert the premises, No. 246 Bellefield avenue, into an apartment house, removed the one story open porch and proceeded to construct instead a three story porch, which covered the foundation of the old porch and consisted of brick pillars, 2 feet, 5 inches wide on one side, and one foot thick, extending upward to the roof of the building. On the sides and in front of each story of the porch are solid brick work and cement floor, altogether 3 feet, 6 inches high, and from the top floor a roof extends forward, toward the street from the eaves of the house, a distance of ten feet, eleven inches.

Plaintiff's bill was for an injunction to prevent the completion of this work, alleging a violation of the restrictions in the deed heretofore recited. The lower court entered a decree directing the removal of the second and third story portion of the porch and restraining defendants from erecting porches above the first story of the house. From this decree defendants appealed and the only question for consideration is the construction of the deed from Friday and wife to Peter Murphy.

The general rule is that the language of a deed should be interpreted in the light of the apparent object or purpose of the parties and of the conditions existing when made: Meigs v. Lewis, 164 Pa. 597.

The house in question is situated on a residential street where all houses are so constructed and located as to leave a clear space of about 12 feet between the porches and the street line. Although the porch construction, to

which objection is made, does not adjoin plaintiff's premises, there being several residences between them, yet if defendants may maintain such structure at its present location there is no reason why they may not erect similar porches adjoining plaintiff's residence. The question therefore must be viewed in the light of possible obstruction of view or prospect, regardless of the circumstances of the structure being situated some distance from plaintiff's premises and the injury consequently lessened. The covenant to give "free and unobstructed right of light, air and prospect, over and across the front of any other property," has been violated, if the finding of the lower court to the effect that plaintiff's view or prospect is obstructed and materially interfered with by the three story porch construction on defendant's house is properly supported by the evidence. There is testimony that the obstruction prevented a view from plaintiff's property up the street and that the effect of the structure was to considerably depreciate the value of the adjoining properties. From the consideration of this testimony and exhibit shown in the record, we cannot say that the court erred in its conclusion that this construction interfered with plaintiff's rights under the clause in the deed granting free and unobstructed prospect over and in front of defendant's property. The practical effect of defendant's porches, as now constructed, is to substantially advance the house line to the original front of the porch, thereby obstructing plaintiff's prospect in violation of the restriction.

The question as to the admission of evidence objected to and covered by the last assignment of error is not included in the statement of questions involved and need not therefore be considered.

The judgment is affirmed.