## Rabinowitz et al. v. Rosen et al., Appellants.

*Deeds—Construction—Purpose of parties—Covenants—Building restrictions—Estoppel.*

1. A deed should be interpreted in the light of the apparent object or purpose of the parties and of the conditions existing when made.

2. Where the interpretation of a building restriction would render the covenant of no practical avail, such interpretation will not be adopted when another entirely feasible one is at hand.

3. Where the deeds of a row of houses provide that the buildings "shall not at any time hereafter forever be extended further front than 18 feet from the present building-line," and the buildings were erected a few inches more than 18 feet back from the official building-line of the street, with porches extending from the front about 7 feet 9 inches, the restriction will not be interpreted so as to permit an owner to take down his porch, and construct an extension from the existing house-line some 18 feet towards the street, and thus occupy practically all the space between the house-line and official building-line, cutting off his neighbor from light and air.

4. The words "present building-line" in the restriction, mean the official city building-line, and the phrase "shall not be extended

further front than 18 feet from present building-line" designates a point that distance back from the official line.

5. In such case, a party injured is not estopped because he himself used a cellar under his porch as a laundry office, and made an entrance thereto from the pavement, without extending the building.

Argued January 19, 1921. Appeal, No. 241, Jan. T., 1921, by defendants, from decree of C. P. No. 1, Phila. Co., Sept. T., 1919, No. 2638, on bill in equity, in case of Juda Rabinowitz et al. v. Harry Rosen et al. Before MOSCHZISKER, C. J., WALLING, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Bill in equity for injunction to enjoin violation of building restriction in deed. Before SHOEMAKER, J.

The opinion of the Supreme Court states the facts.

The court awarded an injunction. Defendants appealed.

*Error assigned,* inter alia, was above decree, quoting it.

*Stanley Folz,* of *Sundheim, Folz & Sundheim,* for appellants.—The building restriction does not forbid the construction of a front addition extending less than 18 feet from the present building line.

Covenants in a deed for building restrictions must be strictly construed. There is no implication in their favor. Nothing will be regarded as a violation of a building restriction that is not in plain disregard of its express words: Crofton v. St. Clement's Church, 208 Pa. 209; Gilmore v. Times Pub. Co., 18 Pa. Superior Ct. 363; McCloskey v. Kirk, 243 Pa. 319; Johnson v. Jones, 244 Pa. 386; Rohrer v. Real Est. Co., 259 Pa. 297.

*Walter Biddle Saul,* for appellees.—The intention of the builder in inserting the restriction was to keep 18 feet in front of the properties clear of buildings: Mur-

phy v. Ahlberg, 252 Pa. 267; Harmon v. Burow, 263 Pa.
188; Law v. Weeter, 68 Pa. Superior Ct. 23.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, February 28, 1921:

The principal question in this case involves the construction of a building restriction, which controls a row of eight two-story porch-front dwellings on Elmwood avenue, West Philadelphia. The front wall of these houses is on a line drawn a few inches more than 18 feet back from the official building line of the street, with the porches extending from the front of the houses about 7 feet, 9 inches.

When the original owner of these buildings sold the houses to individual buyers he inserted the following restrictions in each deed: "Under and subject to......restrictions that the building erected on the said lot or piece of ground shall not at any time hereafter forever be extended further front than 18 feet from the present building-line."

The defendants acquired two of the properties, subject to the restriction, and proposed, after removing the porches, to construct a one-story brick addition, extending from the present house-line some 18 feet toward the street, and thus occupy practically all of the space between the house-line and the official, or city, building-line, established for the street.

Plaintiffs, who own another of the eight houses, filed a bill asking that the proposed construction be restrained; the court below granted a permanent injunction, and defendants have appealed.

In Murphy v. Ahlberg, 252 Pa. 267, 269, we recently said: "The general rule is that the language of a deed should be interpreted in the light of the apparent object or purpose of the parties and of the conditions existing when made"; and, in an earlier building-restriction case, Meigs v. Lewis, 164 Pa. 597, 600, 601, citing other authorities, we stated: "In construing a deed, it is proper,

and sometimes necessary, to consider the circumstances under which it was made......, the situation in which the parties stand, the necessities for which they would naturally provide, the conveniences they would probably seek to secure, and the circumstances and relations of the property in regard to which they have negotiated."

When we take into account the admitted physical facts of the present case, it is apparent the chancellor correctly found that the restriction here in question was "to prevent anyone from building out and shutting off the next-door neighbor's light." In other words, the object which the parties had in view was to secure light and air for the porches of all the houses in the row; and, although clumsily expressed, it is apparent that, by the words "the present building-line," used in the restriction, the parties meant the official city building-line, which is a line marking a limit beyond which buildings cannot under any circumstances encroach; also that, by the phrase "shall not......be extended further front than 18 feet from the present building-line," the parties meant to designate a point 18 feet back from the then present official building-line, as the limit for the front of the structures on the lots in question. A point 18 feet back of the official building-line is as much a point "from" that line as is a point 18 feet in front of it.

The construction we adopt restricts buildings beyond the line the houses now occupy; which, when we take into consideration the conditions existing on the ground when the covenant was made, was evidently the intention of the parties.

The interpretation appellants place on the restriction renders it practically useless; for, if we accept their idea that the words, "present building-line," mean the physical line of the front of the present buildings, and that "eighteen feet" therefrom, means to permit an extension forward eighteen feet from such line but no further, then this solemn covenant against encroachments would be no protection to anyone; because the

entire front lot of any of the houses might be built on to within a few inches of the city building-line, and the only part of the ground protected against buildings would be the last mentioned few inches. This, of course, would render the restriction of no practical avail; and it is a cardinal rule of construction that such an interpretation of a deed will never be adopted when another entirely feasible one is at hand.

The defendants contend plaintiffs are estopped because they violated the restriction themselves. It appears plaintiffs used the cellar under the porch of their house as a laundry office; but, in so doing, they did not extend the building or increase its size—they merely changed the use of the front part of their cellar, and made an entrance thereto from the pavement. Since this is not a violation of a building restriction, it does not affect the right of plaintiffs in the present case.

We shall not consider the assignments of error as to the admission of testimony by the builder of the houses, to the effect that it was his intention, when the restriction was inserted in the deeds, to prevent such an encroachment as defendants propose to make; for, in reaching our conclusion, we ignore this testimony.

The assignments of error, except those which go to matters not considered in reaching our conclusion, are overruled, and those of the class just mentioned are dismissed as immaterial.

The decree of the court below is affirmed at cost of appellants.