# Hunter v. Wood, Appellant.

*Deed—Building restrictions—Residential neighborhood—Transition—Garage—Nuisance—Equity.*

1. A public garage in a residential section is a nuisance regardless of the violation of a restriction in a deed forbidding the use of the premises for offensive purposes.

2. If the character of the neighborhood should change from residential to business, property owners would be without standing to complain of the noise and disturbance of their privacy and personal comfort.

3. If the right a property owner seeks to enforce is not merely incident to the general public, but is contractual and based on express covenants in a deed, he need not show the act he seeks to restrain constitutes a nuisance sufficient to give a resident of the neighborhood affected thereby a right of action.

4. In such case equity will restrain the violation of the restriction so long as it remains of substantial value to the owner of the dominant estate.

5. If it has ceased to be of any value equity will not lend its aid to enforce the observance of a useless covenant.

6. When the neighborhood is in transition, but remains to a considerable extent residential, the covenant may be enforced.


Argued February 5, 1923. Appeal, No. 119, Jan. T., 1923, by defendant, from decree of C. P. Delaware Co., Dec. T., 1919, No. 780, on bill in equity, in case of Henry C. Hunter v. Robert W. A. Wood. Before FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Bill for injunction. Before JOHNSON, P. J.
The opinion of the Supreme Court states the facts.
Decree for plaintiff. Defendant appealed.

*Error assigned,* inter alia, was decree, quoting record.

*W. Foster Reeve, 3d.,* with him *Bell, Kendrick, Trinkle & Deeter,* for appellant.—The decree was improper under the evidence: Willock v. Arensberg, 51 Pa. Su-

perior Ct. 73; St. Andrew's Lutheran Church's App., 67 Pa. 512; Crofton v. St. Clement's Church, 208 Pa. 209; McClosky v. Kirk, 243 Pa. 319; Smyth v. McCarroll, 76 Pa. Superior Ct. 142; Collins v. Iron Works, 227 Pa. 326.

*Louis Jaquette Palmer,* for appellee, cited: Hibberd v. Edwards, 235 Pa. 454; Penniman v. Hoffman, 262 Pa. 100; Hohl v. Modell, 264 Pa. 516; Dewar v. Carson, 259 Pa. 599; Landell v. Hamilton, 175 Pa. 327.

OPINION BY MR. JUSTICE FRAZER, April 9, 1923:

Plaintiff and defendant were owners of adjoining lots of land fronting on the Lancaster Pike, Wayne, Penna. Both properties had been formerly owned by the common grantor of the parties, who, in conveying the lots, provided, inter alia, that the premises should not be used as a "commercial establishment or for any offensive purpose or occupation." The restriction in defendant's lot was subsequently modified by a deed which recited the intention of the parties was not to prohibit the erection or use of a commercial establishment on that part of the lot fronting on Lancaster Avenue. In the early part of 1920, defendant began erecting on the lot a building to be used in part as a showroom for the sale of automobiles and accessories and in part as a public garage and service station, with necessary appurtenances, such as storage tanks for oil and gasoline, boilers, machinery and other equipment incident to the cleaning, storage and maintenance of automobiles and their accessories, to be open at all hours during the day and night for the accommodation of the public. Plaintiff asked that the erection of the building be restrained on the ground that it, if used as a public garage, would constitute a nuisance in the neighborhood and interfere with plaintiff in the enjoyment of his adjoining property. Defendant answered denying the garage would constitute a nuisance and averred the neighborhood was changing from residential to business and that the garage would, when completed

and opened for business, provide a necessary addition to the community and be of advantage and convenience to persons residing in that vicinity. The court below entered a decree enjoining defendant from using the building as a public garage, and defendant appealed.

This court has heretofore held that a public garage in a residential section is a nuisance regardless of the violation of a restriction in a deed forbidding the use of the premises for offensive purposes or occupation: Prendergast v. Walls, 257 Pa. 547; Hohl v. Modell, 264 Pa. 516, 519; Phillips v. Donaldson, 269 Pa. 244, 246. If, in such case, the character of the neighborhood should change from residential to business, property owners would be without standing to complain of the noise and disturbance of their privacy and personal comfort incident to such change but must accept and endure such inconveniences or move to a neighborhood not disturbed by commercial activities. Where, however, the right a plaintiff seeks to enforce is not merely incident to the general public but is contractual and based on express covenants in a deed, a different rule applies. In such case plaintiff need not show the act he seeks to restrain constitutes a nuisance sufficient to give a resident of the neighborhood affected thereby a right of action. To so hold would place the person intended to be benefited by the covenant in no better position than other persons in the locality not favored by the stipulation: Phillips v. Donaldson, supra. Accordingly, notwithstanding a change of the use of the land and buildings in the neighborhood, equity will restrain the violation of the restriction so long as it remains of substantial value to the owner of the dominant estate: Landell v. Hamilton, 175 Pa. 327, 337; Phillips v. Donaldson, supra. Of course if it appears the restriction has ceased to be of advantage to the dominant owner, equity will not lend its aid to enforce the observance of a useless covenant: Landell v. Hamilton, supra; Phillips v. Donaldson, supra.

The real question here is, not whether the garage in question constituted a public nuisance and as such subject to be restrained, but whether the covenant between the parties forbidding the use of the premises for an offensive business or occupation should, under the circumstances, be enforced. The court below found on sufficient evidence that the surrounding neighborhood was originally developed as a residential one, but, with the growth of population, Lancaster Avenue has become more or less devoted to business purposes and is not restricted to residences. In the immediate vicinity of defendant's proposed garage, or within a short distance of it, are located a warehouse, paint shop, tailor shop and various other shops and two garages. Changes in the nature of the buildings or of their use in the immediate neighborhood were from residences to stores and not from stores or places of business to residences. Notwithstanding this, it cannot be said the enforcement of the restriction would result in no substantial benefit to plaintiff. The peace and quiet of his home will be disturbed by the noise, smoke and fumes incident to cleaning, washing, repairing and testing automobiles and replenishing their supply of gasoline and oil at all hours of the day and night. The natural effect of this will be to make plaintiff's property undesirable for residential purposes. Although the character of the neighborhood is changing, there are other private residences fronting on the same street and adjoining the residence of plaintiff and, aside from the business carried on in the immediate vicinity, the community is still a residential one, consequently that locality has not reached the point when the enforcement of the covenant for the benefit of the adjoining property owner can be said to be a useless act.

The decree of the court below is affirmed at costs of appellant.