## Fletcher *v.* Bien et al., Appellants.

*Deeds—Covenants—Building restrictions—Commercial occupation—Equity—Jurisdiction—Doubtful right—Acts of owner—Intention.*

1. Where a tract of land is divided into lots, and the lots sold as a part of the general scheme of development of the land for residential purposes, a restriction that the houses built on the lots shall not "be changed into stores for a period of ten years from the date" of the deed, is a reasonable one, and will be enforced in equity in favor of a purchaser of a lot against a later purchaser of another lot.

2. Equity will not aid in the enforcement of a covenant where there is doubt as to its meaning, or where the purpose of its insertion in the deeds has passed, but, if the provisions are clear, the purchaser of property has the right to demand that his adjoiners, holding under like conveyances, comply with their agreement.

Argued April 23, 1925. Appeal, No. 300, Jan. T., 1925, by defendants, from decree of C. P. No. 2, Phila. Co., June T., 1924, No. 9189, for plaintiff, in case of Harrison F. Fletcher v. Sarah Elizabeth Bien et al. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Bill for injunction. Before LEWIS, J.

The opinion of the Supreme Court states the facts.

Decree for plaintiff. Defendant appealed.

*Error assigned* was, inter alia, decree, quoting it.

*Marshall A. Coyne,* with him *David J. Smyth,* for appellants, cited: McCloskey v. Kirk, 243 Pa. 319; Beedy v. R. R., 250 Pa. 51; DeSanno v. Earle, 273 Pa. 265; Willock v. Arensberg, 51 Pa. Superior Ct. 73.

*James F. Friel,* for appellee, cited: Drucker v. Russell, 279 Pa. 443; Rabinowitz v. Rosen, 269 Pa. 482; Murphy v. Ahlberg, 252 Pa. 267; Harmon v. Burow,,263 Pa. 188; DeSanno v. Earle, 273 Pa. 265.

OPINION BY MR. JUSTICE SADLER, May 11, 1925:

Harry P. Collins was the owner of a tract of land in the City of Philadelphia, abutting on Sixty-fourth Street, and extending for one block from Diamond Street to Malvern Avenue. This was divided into lots so that twenty-four similar brick dwelling houses could be erected. In 1921, to aid in financing. the building operation, he conveyed the entire tract to one Webb, "under and subject to the restrictions that none of the said properties shall ever be occupied by persons of other than the Caucasian race, and neither shall be built beyond the present line or changed into stores for a period of ten years from the date [of said deed]." Some months later, the property was retransferred to the former grantor. He sold two of the buildings in course of erection, subject to the covenant recited, and altered the basement of the house fronting on Diamond Street, so that it could be used by him for business purposes, and it has since been so occupied. All of the remaining houses were sold, that to the complainant in 1922, and the house abutting on Malvern Avenue to one of the defendants a year after. In 1924, the latter commenced the remodeling of the lower floor of her house, so that it might be used as a store, as was the property at the Diamond Street end of the block, and the bill now before us was filed by the owner who purchased in 1922, and whose property faced on Sixty-fourth Street, to restrain the proposed change as violative of the restriction im-

posed for the benefit of all the houses in the block. Mr. Bien, husband of the holder of the title, and the contractors, were joined as defendants. After final hearing, a decree was entered restraining the change of the basement of Mrs. Bien's house into a store, and it is from this order the present appeal is taken. The court below found the district to be residential in character and that the restriction for ten years was made for the purpose of continuing it as such.

Defendants insisted below, and repeat the claim here, that the prohibition against the installation of stores applied only to the Sixty-fourth Street frontage, and that this was made evident since the original grantor, Collins, has made such construction on the Diamond Street side of the property, which he retained for his own use. It should be noted first that the present bill was filed not by him, but by an owner of a house in the block, purchased prior to that of Mrs. Bien, and subject to the same restriction as appeared in the latter's deed. If the action had been by the original grantor, who had shown by his conduct that the purpose was not to prevent such an alteration on the side streets, a different proposition would be presented. It might be forcibly argued, had this been the situation, that the acts of the owners showed the intention of the parties, and the meaning of the words used: DeSanno v. Earle, 273 Pa. 265; Landell v. Hamilton, 177 Pa. 23. Here, however, the complainant is a purchaser who complains of a violation of the restriction made for his benefit and that of other buyers of houses facing on the street, and Mrs. Bien was a subsequent grantee of the corner lot: Harmon v. Burow, 263 Pa. 188; Rabinowitz v. Rosen, 269 Pa. 482. There was no undue delay in asserting the rights granted, as in Orne v. Fridenberg, 143 Pa. 487. The restriction against the use of the adjoining property for commercial purposes was reasonable, and not ambiguous, and is therefore enforceable: Taylor v. Lambert, 279 Pa. 514; Levan v. Menaker, 280 Pa. 591; Boyer

v. Schoch, 82 Pa. Superior Ct. 513. By the deeds, the contract relation of the parties was fixed (Hunter v. Wood, 277 Pa. 150), and the limitation on the use of the property, as a part of the general scheme of development of the land in question for residential purposes (McCloskey v. Kirk, 243 Pa. 319) was entirely proper, and must be sustained: Drucker v. Russell, 279 Pa. 443. Equity will not aid in the enforcement of a covenant where there is doubt as to its meaning (Murphy v. Ahlberg, 252 Pa. 267; Willock v. Arensberg, 51 Pa. Superior Ct. 73), or where the purpose of its insertion in the deeds has passed (Hunter v. Wood, 277 Pa. 150), but if the provisions are clear, the purchaser of property has the right to demand that his adjoiners, holding under like conveyances, comply with their agreements.

It follows from the findings of facts made, amply supported by the testimony, and applying thereto the legal principles plainly declared by our decisions, that the order of the court below should be upheld, and the assignments of error overruled.

The decree is affirmed at the cost of appellants.