## Gee et al. v. Mountain City Hebrew Reformed Congregation.

*Deeds—Covenants—Building restrictions — Dwelling-houses — Church — Maxims.*

1. Equity will not enforce a building restriction where there is a doubt as to the intent of the grantor creating it.

2. Building restrictions are strictly construed, and all doubts are resolved against them in favor of free and unrestricted use of property.

3. The erection of a building to be used as a temple for religious, social, educational and recreational purposes will not be enjoined as a violation of a building restriction in a deed, where the deed, after forbidding certain buildings of an objectionable character, provides that "no lot shall be subdivided, and only one single family residence shall be built on each lot (and) no house shall be a duplicate of any other house in the block" nor of similar appearance.

4. In such case, as the grantor enumerated certain prohibited buildings, it will not be held that he contemplated the building of dwelling-houses only. The maxim, *expressio unius est exclusio alterius*, is applicable.

Bill in equity. C. P. Blair Co., No. 1073, E. D.

*Hare & Hare* and *Oliver H. Hewit*, for plaintiffs.

*Isaiah Scheeline* and *Robert A. Henderson*, for defendant.

BALDRIGE, P. J. Oct. 9, 1925.—This is a bill in equity to restrain the defendant from erecting a building or buildings to be used as a temple for religious, social, educational and recreational purposes.

### Findings of fact.

1. The plaintiff, N. E. Gee, is the owner in fee of a lot of ground situate in the City of Altoona, fronting ninety (90) feet on the western side of Union

Gee et al. *v.* Mountain City Hebrew Reformed Congregation.

Avenue, and extending back therefrom to the southern side of Furnace Avenue, and known as premises No. 3002 Union Avenue, having erected thereon a two and one-half story brick dwelling-house.

2. The plaintiff, Edward C. Figart, is the owner of a lot of ground situate in the City of Altoona, fronting one hundred (100) feet on the western side of Union Avenue, and extending back therefrom to the southern side of Furnace Avenue, and known as premises No. 3008 Union Avenue, having thereon erected a two and one-half story brick dwelling-house.

3. The defendant, the Mountain City Hebrew Reformed Congregation of Altoona, is a corporation existing under and by virtue of the laws of Pennsylvania, and is the owner in fee of a lot of ground located in the City of Altoona, having a frontage of ninety (90) feet on the western side of Union Avenue, and extending back therefrom to Furnace Avenue, being premises No. 3004 Union Avenue. Also an adjoining lot of ground, having a frontage of one hundred and five and seven-tenths (105.7) feet, and known as premises No. 3006 Union Avenue. The title to the first lot having been acquired from P. F. Pershing and wife on April 18, 1925, and the latter lot from H. J. Mock and wife on April 20, 1925.

4. The above described lots of ground are situate in a part of the plan of Columbia Park, which was plotted for the Baker Estates and entered of record in the office for the recording of deeds in and for Blair County, in Plot Book 4, page 115, which land prior thereto was entirely vacant, unimproved and unplotted.

5. The owners of the above described lots of ground purchased and now hold their respective properties under and subject to the covenants, conditions, limitations and restrictions made and imposed by the Baker Estates, predecessors in title to the above mentioned parties, imposed upon them and upon the whole of a larger tract of land plotted by the Baker Estates and known as Columbia Park.

6. Each and every conveyance of land situate in the said plot in Columbia Park was made under and subject to the covenants, conditions, limitations and restrictions imposed by the Baker Estates.

7. The defendant has obtained from the City of Altoona a building permit for the erection upon premises Nos. 3004 and 3006 of a temple, and to be used for religious, social, educational and recreational purposes.

### Discussion of law.

This contention involves the interpretation of restrictions imposed by the original grantor in deeds conveying the lots now owned by the plaintiffs, N. E. Gee and Edward G. Figart. These restrictions under consideration read as follows:

"First. There shall not be manufactured or sold, or permitted to be manufactured or sold, any spirituous, vinous, malt, fermented or intoxicating liquors upon the said lands, or any part thereof, nor shall said lands be used for any manufacturing, mining or trading purposes whatsoever; nor shall there be erected, permitted, maintained or operated any house of correction, jail, hospital, asylum, sanatorium or institution of like or kindred nature; nor shall any live poultry, hogs, cattle or other live stock be kept thereon. No bill-boards or unsightly advertisements shall be erected or allowed on any lot.

"Second. No lot shall be sub-divided, and only one single-family residence shall be built on each lot. No house shall be a duplicate of any other house

in the block or across the street, nor shall it be similar in external appearance to the adjoining ones."

It is quite plain from the language used what the grantor intended. In the first paragraph are mentioned the character of structures that are forbidden and the objectionable uses of the land. The second deals with the number and designs of houses permitted to be erected. There is no just reason to conclude that the restrictions intended to include other buildings than those expressly mentioned. If it had been the intention of the grantor to forbid the erection of any other character of buildings than a dwelling-house, that intention could have been expressed in very few and apt words.

The grantor saw fit to express in clear language the kind of buildings that are disallowed, and after so plainly designating his intent, it cannot now be successfully said that the grantor contemplated that only dwelling-houses should be erected and maintained. He enumerated certain buildings which were prohibited. That indicates that he did not intend that other buildings of a different character than those forbidden should not be erected. The maxim of *expressio unius est exclusio alterius* is applicable. The contractual relations of the parties have been fixed by the language they have employed in the deeds, and that is conclusive upon them: Hunter v. Wood, 277 Pa. 150.

If these two restrictions were antagonistic, the first would prevail, and the plaintiff would not be entitled to relief: Berridge v. Glassey, 112 Pa. 442.

Even if we assume that they are ambiguous as to their meaning, the covenants in question could not be enforced, as equity will not aid enforcement of a covenant where there is a doubt as to the intent: Murphy v. Ahlberg et al., 252 Pa. 267.

Restrictions of this character are lawful and enforceable, but they are not favored by the law, as they interfere with the owner's free and full use of his property. They are strictly construed, and all doubts are resolved against them in favor of free and unrestricted use of property. The only violation of a building restriction is a plain disregard of its express words. There are no rights created by implication: Crofton v. St. Clement's Church, 208 Pa. 209; McCloskey v. Kirk, 243 Pa. 319; Catawissa R. R. Co. v. Phila. & Reading, 255 Pa. 269; Fletcher v. Bien et al., 283 Pa. 517; Francis v. Dean, 80 Pa. Superior Ct. 108.

We find no express words, and indeed there can be no fair implication, that the land of which these lots are a part was plotted and developed solely for residential purposes. We have looked in vain in the deeds for such a limitation.

We quite agree in the doctrine invoked by the defendant, that the contractual relations of the parties may be determined by the limitations of the use of the property as placed thereon by the parties to the contract where there is an ambiguity existing, but when plain language is used in deeds it must be the guide in the determination of a proper interpretation thereof.

We have reached our conclusions by confining ourselves to the deeds, but if we were to consider the testimony given by Mr. Beckman, the representative of the Baker Estates, the original owners of the land, as well as the copies of a printed plot which had been freely circulated, our conclusions would have been strengthened, as there is a piece of ground marked "site for church or other public or semi-public building," which clearly indicates that, in so far as the intention of the original grantor is concerned, if we can be guided by these copies, the restriction was not intended that this land should be confined to dwelling-houses only.

Gee et al. *v.* Mountain City Hebrew Reformed Congregation.

### Conclusions of law.

1. The conditions, covenants, limitations and restrictions contained in the deeds of conveyance are valid and enforceable against the defendant to this action.

2. The meaning of the conditions, covenants, limitations and restrictions in the deeds of conveyance does not prohibit the erection of other than a family residence upon the lots in Columbia Park, and does not prohibit the defendant from the erection of a temple to be used for religious, social, educational and recreational purposes.

3. The contemplated action of the defendant is not in violation of any conditions, covenants, limitations and restrictions in the plaintiffs' deeds.

4. The plaintiffs are not entitled to a decree enjoining and restraining the defendant, its successors or assigns, from erecting the temple to be used for the purposes aforesaid.

### Decree.

Now, Oct. 9, 1925, upon consideration of the foregoing case, it is ordered, adjudged and decreed as follows: That this bill be, and hereby is, dismissed and the injunction dissolved, at the costs of the plaintiffs. The prothonotary is directed to file this opinion and enter judgment *nisi,* according to Rules 68, 69 and 70.

From Robert W. Smith, Hollidaysburg, Pa.