### Fleagle et al. v. Stokes.

*Equity—Nuisance—Garage in residential section.*

1. A public garage, though not a nuisance *per se*, becomes such in fact when conducted in a residential neighborhood.

2. So long as the more remote industrial developments have not destroyed the quiet and cleanliness of plaintiffs' homes, they are entitled to protection from an immediate encroachment which does.

3. A neighborhood need not be exclusively residential in character to secure protection from a disturbing business encroachment. It is sufficient if it is preponderantly residential, provided it contains no business establishment which seriously affects the safety, peace and quiet which are distinguishing characteristics of such a neighborhood.

Bill, answer and replication. C. P. York Co., Jan. T., 1927, No. 2, in Equity.

*Harvey A. Gross* and *Ralph F. Fisher*, for plaintiffs.

*Ehrehart & Bange*, for defendant.

STOCK, J., March 21, 1927.—This suit came to trial on the equity side of this court upon bill, answer and replication. Considerable testimony was taken to establish the facts in dispute.

The case involves the determination of questions of fact rather than questions of law. Plaintiffs seek to restrain defendant from the maintenance of a

public service garage on a lot of ground owned by defendant, situated on the south side of York Street, in the Borough of Hanover, and fifty-seven and one-half feet west of the western line of East Middle Street, alleging that this immediate vicinity is residential in character.

It is now well established in Pennsylvania that a public garage, though not a nuisance *per se*, becomes such in fact when conducted in a residential neighborhood: Prendergast et al. *v.* Walls et al., 257 Pa. 547; Slingluff et al. *v.* Tyson, 280 Pa. 206; Hunter *v.* Wood, 277 Pa. 150; Phillips et al. *v.* Donaldson, 269 Pa. 244; Hohl et al. *v.* Modell, 264 Pa. 516; Hibberd *v.* Edwards, 235 Pa. 454; Tyson et al. *v.* Coder, 83 Pa. Superior Ct. 116.

The test is as to the immediate neighborhood and not remote districts. "So long as the more remote industrial developments have not destroyed the quiet and cleanliness of plaintiffs' homes, they are entitled to protection from this immediate encroachment which does:" Krocker et al. *v.* Westmoreland Planing Mill Co. 274 Pa. 143.

The neighborhood need not be exclusively residential in character to secure protection from such an encroachment. It is sufficient if it is preponderantly residential, provided it contains no business establishment which seriously affects the safety, peace and quiet, which are the distinguishing characteristics of such a neighborhood: Tyson et al. *v.* Coder, 83 Pa. Superior Ct. 116.

There is no dispute here as to the character of the business to be conducted by defendant. He has planned to take every precaution possible against fire and to reduce the annoyance of the business by every possible means. But, in view of the positive rulings of the appellate courts, there is but one question for determination, and this is a question of fact: Is the immediate neighborhood where the intended garage is to be built predominantly residential in character? The determination of this question must be made in favor of plaintiffs.

The Borough of Hanover, with a present population of 14,000, has grown immensely in size. With this growth, the business district has expanded. Radiating out from Centre Square as the centre, business has invaded Broadway to its intersection with York Street, and has started to creep out this latter street. About midway in the first block of York Street there seems to be a clear line of demarcation, establishing the limits of the onward progress of business and defining the beginning of a district predominantly residential in character. This point at which the character of the street appears to change is between five and six hundred feet distant from the location of the proposed garage. From this point eastwardly, as far as the inquiry of either party extended, York Street is predominantly residential in character. Some few small businesses have invaded the territory, but they are inoffensive in character, such as are usually found in residential communities.

The undisputed testimony of the witnesses on both sides is that there are no disturbing noises, odors, fumes or smoke in this neighborhood, except such as arise from vehicular traffic on the public street. Many of the witnesses for defendant expressed themselves as not opposed to the erection and maintenance of a public service garage in the neighborhood, for the reason that they thought it would attract other business and increase the value of their properties by changing their value from one based on use for residential purposes to one based on use for business purposes. We do not believe that such testimony should receive much weight in the determination of the question at issue. The rights of plaintiffs are not to be determined or abridged by a plebiscite of those residing in the neighborhood.

Fleagle et al. *v.* Stokes.

Applying the law to the facts as found after a careful and thorough consideration of all the testimony, it is the opinion of this court that plaintiffs are entitled to the relief prayed for.

The prothonotary is, therefore, directed to enter the sub-joined decree *nisi*, give notice to the parties, with the right to file exceptions according to rule.

And now, to wit, March 7, 1927, upon consideration of the foregoing case, it is ordered, adjudged and decreed as follows:

That an injunction be issued perpetually restraining and enjoining the defendant from maintaining or conducting a public service garage on the lot of ground owned by defendant, situated on the south side of York Street, in the Borough of Hanover, York County, Pa., bounded on the east by properties of Irvin J. Frey, Jacob M. Frey and J. H. Hartman, and on the west by property of Maurice M. Fleagle, and extending from York Street southwardly to Eagle Alley.

And it is further adjudged that the defendant pay the costs.

From Allen C. Wiest, York, Pa.