## Trustees' Petition.

R. H. *Wadhams*, for petitioner; C. B. *Waller*, contra.

JONES, J., Jan. 22, 1929.—The Wilkes-Barre Armory Association, a body corporate, on July 5, 1892, conveyed a tract of land on the westerly side of Main Street, in the City of Wilkes-Barre, upon which was erected the Wilkes-Barre Armory, to five trustees "in trust, nevertheless for the use, benefit and behoof of the military companies, organizations and headquarters, located in the City of Wilkes-Barre aforesaid, attached to the National Guard of the State of Pennsylvania and under the control of said State." The deed contained the further provisions:

"In case of continued non-user of the property aforesaid, by reason of the non-existence of a militia or National Guard under the control of said State, or by reason of there being no military company, organization or headquarters attached to the militia or National Guard of the State as aforesaid, located in

the City of Wilkes-Barre: then and in such case the property aforesaid shall be turned over to or be disposed of for the benefit of the Wilkes-Barre City Hospital and the Home for Friendless Children, in the Borough (now city) of Wilkes-Barre, in the County of Luzerne, both situate in the City of Wilkes-Barre aforesaid, for a nominal consideration.

"In case of the non-user as aforesaid, the trustees shall, before turning over the properties to the said charitable organizations as aforesaid, delay such action for a reasonable length of time thereafter, to wit, until they shall have sufficient reason to believe the said property will not again be used by any military company, organization or headquarters located in said City of Wilkes-Barre, attached to the militia or National Guard of the State aforesaid."

On Nov. 20, 1928, the trustees of the Armory Association, of the General Hospital and the Home for Friendless Children petitioned the court for a declaratory judgment declaring the powers and duties of the trustees under the trust deed, and the following facts are agreed upon:

1. That the military companies, organizations and headquarters located in the City of Wilkes-Barre are at present the 109th Field Artillery, P. N. G., the headquarters of the 53rd Artillery Brigade, P. N. G., and Ambulance Company 107 of the 103rd Medical Regiment, P. N. G.

2. That the military companies, organizations and headquarters located in the City of Wilkes-Barre and attached to the National Guard of the State of Pennsylvania and under control of said State have abandoned and terminated the use of the property described in the trust deed, and they now use the new armory erected for their use and located on the opposite side of the Susquehanna River from Wilkes-Barre, adjoining Kirby Park.

3. That resolutions were passed at a meeting of the field officers of the regiment and battalion headquarters of the Wilkes-Barre units of the 109th Field Artillery, the Commanding General of the 53rd Field Artillery Brigade and commanding officer of Ambulance Company 107 of the 103rd Medical Regiment, informing the trustees that the use of the armory by their organizations has terminated and consenting to the transfer of the property to the Wilkes-Barre City Hospital and the Home for Friendless Children, as provided in the trust deed.

4. That notice of the present petition was given by public advertisement in the Luzerne Legal Register and the Wilkes-Barre Times-Leader, and at the time therein fixed there was no objection or protest to said conveyance.

## Discussion.

It has been decided many times, by cases too numerous to mention, that a conveyance of land to trustees for a charitable use does not create a conditional estate, but only a trust for the charitable use, not liable to be defeated by non-user or alienation in the absence of an express condition. A list of those cases may be found in Sellers Church's Petition, 139 Pa. 61.

In the present deed it is clear that the trust was for the purpose of providing a meeting place for the military organizations of the character described therein and limited to the organizations located in the City of Wilkes-Barre; it was not an absolute grant, but simply "for the use, benefit and behoof" of these companies and organizations and so long as they continue to use the property.

It is conceded that there is a non-user of the property and that it has continued for a period of more than two years and will continue indefinitely, due to the erection of a new armory.

The only provision in the deed doubtful of the right to make a conveyance of the property is the provision which declares that "in case of a continued non-user . . . by reason of the non-existence of a militia or National Guard under the control of the State, or by reason of there being no military companies, organizations or headquarters . . . located in the City of Wilkes-Barre."

It is suggested that this language indicates a "non-user" by non-existence or non-location of the military organizations within the City of Wilkes-Barre; if that were true, the trust deed could have said so in plain language.

This deed contemplates a "use" of the property; it provides that in case of "non-user," the trustees, before turning over the properties to the charitable organizations named, shall delay action for a reasonable length of time until they have sufficient reason to believe the property will not again be used by any military organization; it was not intended that the property should lie idle and its use be subject to the whim or fancy of the organizations named.

The general rule is that the language of a deed should be interpreted in the light of the apparent object or purpose of the parties and of the conditions existing when made: Rabinowitz v. Rosen et al., 269 Pa. 482.

This trust contemplates a use of the property and the deed provides specifically for a termination of the trust for non-user.

It is a familiar principle of law that a conveyance of the legal estate by a trustee may be demanded when the purpose of the trust has ceased, or when all the parties for whose protection it was intended, being sui juris and under no disability, unite in asking for it: Snyder's Estate, 17 Dist. R. 270.

Here we have a renouncement by the beneficiary of the trust; that they no longer desire the use of the property; that they have abandoned it; therefore, there is no longer any reason for its continuance.

In Stafford's Estate, 258 Pa. 595, the rule is established that "no matter what may be the nominal duration of an estate given to a trustee, it continues in equity no longer than the thing sought to be secured by the trust demands; and when that demand has been fully satisfied, 'although the trust may not have ceased by expiration of time,' . . . yet if all the parties who are, or who may be, interested in the trust property are in existence and are sui juris, and if they all consent and agree thereto, courts of equity may decree the termination of the trust."

To repeat, the main purpose of this trust is to provide for the use of the land by these military organizations, with a clause of defeasance in case of non-user, and the legal estate of the trustees can endure no longer than the use it was designed to protect.

The military organizations, the cestuis que trustent under the deed, are emphatic in their statements that the building will not again be used for the purposes specified therein and request and consent to a termination and conveyance of the trust property as stipulated in the deed.

Why, then, should the trust be continued after its exigencies have been met?

In Beaver Township School District v. Burdick, 51 Pa. Superior Ct. 496, the instrument leased to Beaver school, or to the directors of Beaver Township, a certain piece of land containing one-third of an acre "for school purposes so long as it shall be used for school purposes, and the directors are to hold it as such and their successors in office as long as it shall be used for school purposes, after which this shall be null and void." President Judge Rice, speaking for the court, said: "The broad statement that a conveyance of land to trustees for a charitable use is not liable to be defeated by non-user is to be taken with a qualification, depending on the nature of the conveyance, its

limitation of the estate or interest conveyed and its limitation of the use intended to be protected by it," holding that a grantee of the owner may, thirty-seven years thereafter, successfully defend an action of ejectment brought by the school district to recover possession of the land, where it appears that the lot had been used for school purposes for twenty-nine years when the school-house erected thereon ceased to be used on account of "insufficient number of scholars," and subsequently the owner and his family moved into it and occupied the premises.

Non-user of this land was the thing which the parties had in view in fixing the limit beyond which the estate should not endure. The grantors foresaw that such an exigency might arise, and, therefore, in the event of a non-user by the recipient of the benefits, limited the estate and provided that the property should be conveyed to the two charitable institutions therein named.

We adjudge and decree that the trust in said deed has ceased and that it is within the power and it is the duty of the trustees of said property to transfer the same to the Wilkes-Barre General Hospital and the Home for Friendless Children of the City of Wilkes-Barre, in equal shares, as provided in said trust deed.

From Frank P. Slattery, Wilkes-Barre, Pa.